BREAKIRON ET AL., APPELLEES, *v.* MEYER, APPELLANT.[*]

(No. 8950—Decided June 26, 1961.)

*Messrs. McIntosh & McIntosh*, for appellees.
*Mr. Bernard C. Fox*, for appellant.

[*]Motion to certify the record overruled (37301), December 20, 1961.

Long, P. J. This is an action for damages brought by plaintiff Rita Breakiron, appellee herein, and The Buckeye Union Casualty Company with which plaintiff Rita Breakiron had an automobile insurance policy. The company became subrogated to Mrs. Breakiron's claim by paying all the repair bill, except $100 deductible, the total amounting to $413.98.

The facts briefly stated are as follows: Defendant, appellant herein, was operating his automobile in an easterly direction on Wooster Pike in Fairfax, Ohio, and had brought his car to a stop in response to a red traffic light at the intersection of Watterson Road. The automobile of plaintiff Rita Breakiron was being operated by her son in a westerly direction on Wooster Pike.

There is not much dispute that the driver of plaintiff's car was operating the same without headlights at about 10:45 at night at the place where the collision occurred. When the traffic light turned green, defendant proceeded to make a left-hand turn; at the same time, Mrs. Breakiron's automobile proceeded through the intersection and collided with defendant's automobile causing the damage giving rise to the lawsuit. The case was submitted to a jury, and the trier of the facts returned a verdict for the defendant. Thereafter, upon plaintiffs' motion for a judgment notwithstanding the verdict, the trial court set aside the verdict, granted plaintiffs' motion, and rendered judgment for plaintiffs for the entire amount of the repair bill.

This court is mindful of the rule that the negligence of a bailee cannot be imputed to the bailor; however, it is also familiar with the rule of law to the effect that, in negligence cases, not only is the conduct of the parties subject to the scrutiny of the jury for determination of fault, but that it is also the function solely of the trier of the facts to decide the proximate cause of the events which create the litigation in question. Applying these well-known rules, the jury in this case could well have found that the sole, proximate cause of the damage to Mrs. Breakiron's automobile was due to the carelessness of her son in operating his mother's car in the night season without headlights burning. Regardless of the illumination which existed at the intersection, the accident might never had happened if the headlights on mother's car had been burning; and who is to determine whether the failure of headlights was the real cause

or the cause without which the accident would or would not have happened? The jury, not the court, is to make this determination.

The laws of Ohio are specific to the effect that at the time of night when this accident happened, automobiles must operate with the headlights burning. Here was a high school boy, coming from a class play at his school, operating his mother's car on this busy highway at an intersection controlled by traffic lights, not sufficiently observant to know whether his headlights were burning. The jury could have and properly did hold him solely responsible for what happened.

It is our opinion that the jury was right and that the trial court was wrong in substituting its judgment for that of the jury. The judgment of the trial court is reversed and final judgment for the defendant will be, and hereby is, entered by this court.

*Judgment reversed.*

O'CONNELL and HILDEBRANT, JJ., concur.