WHITE, PLAINTIFF-APPELLANT, *v.* KINKUS, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Belmont County.

No. 1000.   Decided December 19, 1963.

162

*Messrs. Kinder, Kinder & Kinder,* for plaintiff-appellant.
*Messrs. Thornburg & Thornburg,* for defendant-appellee.

BROWN, P. J. This appeal is on questions of law only. In the trial court an action for personal injury alleged to have been occasioned by the negligence of the defendant in driving an automobile on a public highway and into collision with the plaintiff's person resulted in a jury verdict for the defendant.

The accident occurred on a stretch of public highway upon which the defendant was proceeding with a clear and unobstructed view ahead of his automobile for a distance of some 300 feet, more or les. The plaintiff was standing on the highway in front of his stalled car in approximately the same line of travel as that upon which plaintiff was proceeding, and had been so stopped for sometime prior to the collision.

The defendant's testimony was that he did not see the plaintiff's car in time, and that he turned in an attempt to avoid striking same but collided with the left rear fender of the plaintiff's car with the right rear fender of the defendant's car. At, or momentarily after, this impact the plaintiff jumped from in front of his car into the path of the defendant's car, which now was proceeding towards the left-hand side of the road, and was seriously injured.

Defendant stated that at no time did he see the plaintiff, or know that the plaintiff had been struck until after all motion of his car had ceased.

The issue as made by the pleadings contemplated these facts.

The defendant by way of answer alleged contributory negligence by the plaintiff. The evidence would justify the jury in concluding that the plaintiff at the time and place was under the influence of intoxicants and was guilty of contributory negligence.

The trial court instructed the jury that the defendant had a duty under the circumstances of this case to exercise ordinary care, and in addition charged that it was the duty of the defendant to keep the motor vehicle operated by him under such control that he could properly guide, check and control it, reduce its speed, or entirely stop within a reasonable distance if the circumstances were such as to require him to do any or all of these things in order to bring him within the rule of exercising ordinary care under the circumstances existing at the time and place.

The appellant argues, and we agree, that this fact situation is one in which the defendant had a duty absolute in character arising under Section 4511.21, Revised Code, and that the defendant failed to fulfill his obligation under this statute. Defendant was therefore guilty of negligence as a matter of law. The charge is erroneous in setting up the duty of ordinary care under these circumstances.

The trial court also erred in charging that the defendant's duty of care was affected if a sudden emergency existed by reason of the location of plaintiff's vehicle in the highway or the movement of plaintiff's person on the highway at or about the time of the collision.

On the facts of this case it becomes apparent that the defendant never having seen the plaintiff was not required to make any decision based upon a sudden emergency by reason of plaintiff's movement from behind the parked car and hence sudden emergency as to that part of the happenings should not have been given because it would tend to raise an issue that was not present.

Section 4511.21, Revised Code, is so entirely absolute in its requirement that a disabled car, stationary on the highway, will not justify a charge on sudden emergency. To do so would detract from the defendant's absolute obligation to stop his car so as to avoid collision with objects before him in his line of travel under this statute.

The verdict of the jury was a general one, and the issue of contributory negligence was submitted to the jury without error.

In *Bush, Admr., Appellant*, v. *Harvey Transfer Co., et al, Appellees,* 146 Ohio St., 657, it was held:—

"In an action based on negligence, the issue of contributory negligence does not arise unless the issue of negligence on the part of the defendant is first found adverse to the defendant; and error in the charge of the court on the issue of negligence prejudicial to the plaintiff will invalidate a verdict for the defendant even though there was no error in the charge on the issue of contributory negligence."

It therefore appears that this cause must be reversed and remanded by reason of errors which occurred as stated in the charge of the court on issue of defendant's negligence and which were prejudicial to the plaintiff.

FRANCE and JONES, JJ., concur.