Ralston, a Minor, Appellant, *v.* Stout, Appellee.

[Cite as Ralston v. Stout, 1 Ohio App. 2d 491.]

(No. 291—Decided January 26, 1965.)

*Messrs. Wilson, Wilson & Wilson,* for appellant.
*Messrs. Young & Young,* for appellee.

Collier, P. J. The plaintiff brought this action in the Common Pleas Court of Adams County to recover damages for personal injuries allegedly sustained in a collision between an automobile in which plaintiff was a passenger and at the time being driven by Anna K. Barnes and a truck owned and operated by the defendant. The accident occurred at about 2:30 p. m. on July 21, 1962, on State Route No. 32 in Adams County. The par-

ties will be referred to hereinafter as the plaintiff and defendant in the same relation they appeared in the Common Pleas Court.

The specific acts and omissions of negligence alleged in the petition are:

(1) The defendant operated and permitted said truck to be stopped upon said highway where it was not safe to have the same stopped.

(2) The defendant failed to carry any warning devices or display the same upon said highway at such a distance as would warn on-coming traffic that he was stopped on said highway.

(3) That defendant failed to warn on-coming traffic in any manner that said truck was stopped upon said highway, although defendant had ample opportunity to do so.

The defendant, in his answer, after making certain admissions, denied any negligence on his part and further alleged that plaintiff's injuries and damages were caused solely by the negligence of the operator of the automobile in which the plaintiff was riding, in that such operator failed to drive so that she could stop within the assured clear distance ahead and that she operated such automobile with the windshield and windows fogged over, thereby impairing her vision.

Plaintiff, in her reply, denied all allegations of the answer which were inconsistent with the allegations of her petition.

Trial of the cause to a jury resulted in a verdict for the defendant. The motion for a new trial was overruled, and this appeal on questions of law followed.

The first assignment of error is that the verdict is contrary to law and the evidence. The facts may be briefly summarized as follows:

Shortly before the collision there was a very heavy rain accompanied by wind. The defendant was proceeding in a westerly direction on State Route No. 32 with a load of eight and a half tons of lime. His truck drowned out, stalled and stopped in defendant's lane of travel in a dip in the highway. According to defendant's testimony, he turned on the blinker light and, within less than a minute after the truck stopped, the automobile in which the plaintiff was riding, traveling in the same direction, collided with the rear end of the truck. It was still raining at the time of the collision. The plaintiff and the driver

of the automobile in which the plaintiff was riding testified that, driving at the rate of thirty to thirty-five miles per hour, they could not see the truck until it was impossible to avoid a rear-end collision with it. The evidence, including photographs, shows that the operator of the automobile in which plaintiff was riding had an unobstructed view of the stalled truck a distance of 2/10ths of a mile and that the windshield of the Barnes car was steamed or fogged, providing poor visibility a few minutes after the collision.

The pleadings and the evidence raised the issue whether the defendant was negligent in any respect as alleged in the petition and, if so, was such negligence the proximate cause of plaintiff's injuries. The averment in the answer that the injury sustained by the plaintiff was caused by the driver of the automobile in which the plaintiff was riding, and not by the defendant, did not impose upon the defendant the burden of proving such fact. Such an averment does not constitute an affirmative defense, but is another form of a general denial. 39 Ohio Jurisprudence 2d 706 and 724, Negligence, Sections 135 and 144. Assuming that the defendant was negligent in the operation of his truck, there remained the questions of the negligence of the driver of the other automobile and the proximate cause of the collision and the resulting injuries. 39 Ohio Jurisprudence 2d 782, Section 174. This is true in any instance where an injury has been sustained by the alleged concurrent negligence of two or more wrongdoers. See *White* v. *Ohio Power Co.*, 171 Ohio St. 148; and *Schreiber* v. *National Smelting Co.*, 157 Ohio St. 1. The court in its general charge, after stating the law pertaining to the liability of the defendant, further properly instructed the jury as follows:

"Or if you find that the negligence of Anna K. Barnes, driver of the car in which plaintiff was riding was the sole and proximate cause of plaintiff's injury then your verdict must be for the defendant."

The verdict was not tested by interrogatories, and we have no way to determine how the jury reached its conclusion; but the conflicting evidence clearly established determinative factual issues for consideration by the jury as to both the questions of negligence and of proximate cause of the collision. In such a situation the court may not vacate the verdict and determine as

a matter of law that the defendant's negligence was the proximate cause of the collision. To do so would be a clear invasion of the province of the jury.

In *Baldridge* v. *Wright Gas Co., Inc.*, 154 Ohio St. 452, it was held in the third paragraph of the syllabus:

"Ordinarily, the issue of causation is for the determination of the jury and it is not for the court to substitute its reasoning for that of the jury in a field which belongs peculiarly to the latter."

See, also, *Breakiron* v. *Meyer*, 115 Ohio App. 24.

Under the second assignment of error the plaintiff claims the court erred in admitting in evidence the deposition offered by the defendant. The record shows that the plaintiff participated in taking the deposition and that the sealed deposition was lodged with the clerk of courts on May 15, 1964. On May 18, 1964, written notice was given to counsel for plaintiff that the deposition had been lodged with the clerk. Plaintiff filed no exceptions or objections thereto, and during the trial on May 28, 1964, on order of the court, the deposition was opened and used in evidence.

Section 2319.29, Revised Code, provides:

"No exception to a deposition other than for incompetency or irrelevancy shall be regarded unless it is made and filed before the commencement of the trial."

The plaintiff, having filed no exceptions before proceeding to trial, thereby waived any objections to the use of the deposition in evidence. See 17 Ohio Jurisprudence 2d 302 *et seq.*, Section 62 *et seq.*

Under the third, fourth and fifth assignments of error the plaintiff complains that the court erred in its refusal to charge the jury, as requested by the plaintiff, and in the general charge. We have carefully considered these alleged errors and find no merit in plaintiff's contentions. The charges requested were incomplete and the court's general charge covered all the issues adequately and correctly.

This court finding no error prejudicial to the rights of the plaintiff, the judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

BROWN, J., concurs.

CARLISLE, J., dissenting. I must respectfully dissent from the majority opinion on this case.

This cause of action arose on July 21, 1962. Plaintiff-appellant, hereinafter called plaintiff, was a passenger in an automobile operated by Anna K. Barnes in a westerly direction on State Route No. 32 in Adams County.

The defendant-appellee, hereinafter called defendant, at such time had stopped his truck in the same lane of traffic and to the west of where plaintiff was traveling. The defendant had, prior to this time, encountered mechanical failure with his truck in that the engine on the truck stalled. The mechanical failure occurred at the crest of a hill, and, instead of parking the truck to the right side of the highway at the crest of the hill, where the same could be accomplished, defendant permitted his truck to coast a distance down from the crest in a dip, where he could not park the truck to the right side of the highway and where his truck was not visible, under the weather conditions existing, to traffic approaching in the same lane of traffic from the east.

The defendant, after stopping his truck upon the highway, remained inside it in an attempt to get the same started. Defendant, at that time and place, carried no workable warning devices to warn oncoming traffic that a disabled vehicle was stopped in their lane of traffic; nor did the defendant attempt to warn approaching traffic that his truck was stopped in their lane of traffic, although defendant had ample time to do the same. Defendant did not even put on his lights.

The operator of the automobile in which plaintiff was a passenger approached the crest several minutes after the truck stopped on the highway, and when she first saw the truck it was too late to stop her vehicle, even though she claims she was operating the automobile at only thirty to thirty-five miles per hour. The automobile collided with the rear of defendant's truck and, as a result thereof, plaintiff received injuries.

This action was commenced on June 22, 1963, by plaintiff's father and next friend, George Ralston; plaintiff at that time being 16 years of age.

This cause came on to be heard in the May 1964, Term of the Court of Common Pleas, Adams County, and at such time and place the jury returned a verdict for the defendant. There-

after, plaintiff filed a motion for a new trial, and on July 27, 1964, the court overruled the same. Plaintiff thereafter filed a notice of appeal with the trial court, and this cause now comes on for hearing before this court on questions of law.

Plaintiff sets forth five separate assignments of error; but, in view of the conclusion reached by this dissenting member of the court, it will only be necessary that I discuss assignment of error No. 1, as I believe a ruling on this assignment is dispositive of the case, and it therefore becomes unnecessary for me to discuss errors Nos. 2, 3, 4 and 5.

Assignment No. 1 is to the effect that the verdict of the jury is contrary to law and the evidence. After reading the testimony, it is undisputed that the defendant did, during a violent rainstorm, permit his truck to stop on the paved portion of the highway under the crest of a hill and, further, that the truck was not visible to motor vehicles traveling in the same direction and, of course, in the same lane of traffic until any vehicle approaching from the rear would be almost upon the truck. The evidence is undisputed that the defendant did not carry any of the required warning devices that disabled trucks are required by law to carry. Also, there is no dispute that the defendant did not take any steps whatever to warn oncoming traffic that his truck was disabled and parked upon the paved portion of the highway. The evidence clearly establishes also that at the time of the accident it was raining very hard and driving was made not only quite difficult but very dangerous.

Section 4511.66, Revised Code, provides, in part, that no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main portion of the traveled highway; but there is an exception in that statute as to this part thereof which makes it not applicable to drivers of disabled motor vehicles where it is impossible to avoid stopping or leaving a vehicle in such position. However I interpret the evidence, I feel that the defendant does not come within the exception referred to and that he was in violation of this statute and was negligent per se. Section 4513.28, Revised Code, at the time of this accident provided that lighted fusees, flares or flags should be placed at certain distances to the front or to the rear of disabled motor vehicles on the paved portions of the

highway. Again, I am forced to conclude that the defendant was in violation of this statute also, and in this respect likewise negligent per se. It is no defense in law, where a mandatory requirement is set up as a standard of conduct by the statutes, that it would have been of no value to do the acts required by the statutes. The doctrine of negligence per se has been applied to the operation of motor vehicles in Ohio. *Buckeye Stages, Inc.,* v. *Bowers,* 129 Ohio St. 412; *Eisenhuth* v. *Moneyhon,* 161 Ohio St. 367; *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St. 657.

I come now to discuss the point as to whether the driver of the automobile in which the plaintiff was riding was or was not negligent, and on this point I have no hesitation in coming to the conclusion that she was guilty of the violation of the assured-clear-distance-ahead statute, which is Section 4511.21, Revised Code, for the reason that she was required to stop her vehicle within the assured clear distance ahead or pull to the side and stop; and I agree that with the majority view that she was negligent per se. The case of *White* v. *Kinkus* (Court of Appeals, 1963), 95 Ohio Law Abs. 161, clearly holds that, where the issue of negligence on the part of the defendant has been found adverse to the defendant, one who violates Section 4511.21, Revised Code, is guilty of negligence per se, and, further, that it is error on the part of the court in its charge on the issue of negligence and so prejudicial to the plaintiff that it will invalidate a verdict for the defendant. Since I find that both the defendant and the driver of the automobile in which plaintiff was riding were both negligent per se for violation of specific statutes, I must go further and hold that plaintiff had a cause of action against defendant and the driver of the car in which she was a passenger.

I now come to the question of proximate cause and since we have no question of contributory negligence, but one of combined or concurrent negligence, operating together to become the proximate cause of the accident and the injuries received by plaintiff, and since the law of Ohio is that the negligence of the driver of the vehicle in which plaintiff was riding could not be imputed to the plaintiff, she had the right to sue and recover from both or either of the parties, except in the instant case,

498

since no consideration was paid by plaintiff for the ride, according to the evidence, she would not be able to recover from her driver unless it was shown that the driver was guilty of wanton or wilful misconduct, which the facts in this case failed to establish.

My conclusion is that the trial court should have found that the proximate cause of the accident and the resulting injuries was the combined or concurrent negligence of the defendant and the driver of the automobile in which plaintiff was riding, and the trial court should have instructed the jury to return a verdict in favor of this plaintiff and against the defendant in this cause, with a further instruction that the only question for determination by them was the amount of damages. The court's failure to do this constituted error prejudicial to the rights of the plaintiff, according to my view.

Accordingly, I would have the court find that under the circumstances the verdict of the jury in this cause is contrary to the law and the evidence; and it would become necessary to remand this cause to the trial court for further proceedings according to law.