RIGBY, ADMR., ET AL., APPELLEES, *v.*
LAKE COUNTY ET AL.; AMERICAN MOTORS CORPORATION, APPELLANT.

[Cite as Rigby *v.* Lake Cty. (1991), 58 Ohio St. 3d 269.]

(No. 89-2205—Submitted December 18, 1990—Decided April 10, 1991.)

*Ulrich & Cantor* and *Abraham Cantor*, for appellees.

*Crabbe, Brown, Jones, Potts & Schmidt, Charles E. Brown* and *Steven B. Ayers*, for appellant.

SWEENEY, J. While we appreciate the caution and concern expressed by the court of appeals below regarding unsigned or unacknowledged testimony submitted before a jury, we do not believe that the trial court erred in admitting the deposition at issue under the facts and circumstances of this case. Accordingly, for the reasons that follow, we reverse the judgment of the court of appeals.

Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence. The admission of relevant evidence pursuant to Evid. R. 401 rests within the sound discretion of the trial court. *E.g., State v. Sage* (1987), 31 Ohio St. 3d 173, 31 OBR 375, 510 N.E. 2d 343, paragraph two of the syllabus. An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. *State v. Finnerty* (1989), 45 Ohio St. 3d 104, 107, 543 N.E. 2d 1233, 1237. As this court has noted many times, the term "abuse of discretion" connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. *E.g., Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

Plaintiffs argue that the admission of the Ramisch deposition, without a signature or waiver thereof, had a prejudicial effect on their case against AMC and would be inconsistent with substantial justice. However, we believe the evidence indicates otherwise. Plaintiffs alleged that AMC's negligence in designing or manufacturing its product "enhanced" the injuries sustained by the Darling children. AMC countered that if it were negligent at all, then it had a right to be indemnified by the county with whom plaintiffs had settled since, theoretically, plaintiffs' claim against AMC would not have arisen but for the negligence of the county. Hence, AMC had to prove the county's negligence by a preponderance of the evidence and stated at trial that it proffered Ramisch's expert testimony deposition for that purpose. While AMC read the entire deposition into evidence, the appellate court majority below and plaintiffs herein quote only that part of the deposition wherein the deponent-expert stated that he believed the county's negligence was the cause of the accident.[3] While, admittedly, the expert's opinion in this instance does not support plaintiffs' claim against AMC, the entire deposition is nevertheless relevant with respect to AMC's claim for indemnity from the county, and the trial court did not abuse its discretion in admitting such expert deposition testimony. In any event, a careful review of the entire deposition

---

[3] The passage from Ramisch's deposition extracted by the court of appeals is as follows:

"Q. Your conclusion which you have stated before has not been changed but indeed has been reinforced, that is, but for the failure on the part of Lake County to provide a reasonably safe road Justin Darling would not have been killed and Joshua Darling would not have been seriously injured; is that still your conclusion?

"A. Yes, it is still my conclusion."

reveals that the expert stated at least twice that the driver and the vehicle involved must also be considered when attempting to determine the cause of a particular accident. While the particular passage quoted by the court of appeals would appear to undermine plaintiffs' claim against AMC since it tends to place the entire fault of the accident on the county, our review of the entire deposition indicates that plaintiffs were not unduly prejudiced by its admission into evidence. In our view, even if it were error to admit the deposition in this context, such error would have been harmless pursuant to Civ. R. 61.

Notwithstanding the foregoing, we hold that plaintiffs waived any error in the admission of the deposition by their failure to file a motion to suppress the deposition before the trial court.

AMC contends that since the deposition was filed with the trial court four days before its use at trial, thereby giving plaintiffs notice of its intended use, the plaintiffs should have filed a motion to suppress the deposition as required by Civ. R. 32(D)(4), instead of merely objecting to its introduction into evidence.

Civ. R. 32(D)(4) provides:

"*Errors* and irregularities *in the manner in which* the testimony is transcribed or *the deposition is* prepared, *signed,* certified, sealed, *indorsed,* transmitted, filed, or otherwise dealt with by the officer under Rule 30 and Rule 31 *are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.*" (Emphasis added.)

Although not recently addressed by this court, the principle emphasized above in the foregoing Civil Rule and its predecessor provisions (*e.g.,* former R.C. 2319.29) has been uniformly adhered to in this state. See *Crosby* v. *Hill* (1883), 39 Ohio St. 100, 105; *Crowell* v. *Western Reserve Bank* (1854), 3 Ohio St. 406, paragraph one of the syllabus; *Cowan* v. *Ladd* (1853), 2 Ohio St. 322, paragraph one of the syllabus; *Ralston* v. *Stout* (1965), 1 Ohio App. 2d 491, 494, 30 O.O. 2d 508, 510, 205 N.E. 2d 405, 408; and *Nickey* v. *Brown* (1982), 7 Ohio App. 3d 32, 35-36, 7 OBR 34, 38-39, 454 N.E. 2d 177, 182.

In *Cowan, supra,* for example, it was held that objections were waived despite multitudinous defects in a deposition introduced into evidence, where the opposing party failed to object to the deposition prior to trial.

Under the particular circumstances of this case, we find that plaintiffs were aware of the intended use of the Ramisch deposition prior to its use at trial, and plaintiffs' failure to file a motion to suppress the deposition pursuant to Civ. R. 32(D)(4) effectively waived the claimed error that the deposition evidenced neither a signature nor a waiver thereof. As such, since plaintiffs failed to move with due diligence to suppress the Ramisch deposition, the trial court did not err in its admission of said deposition at trial.

Accordingly, the judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.