This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Stanko Kraguljac has appealed from a decree of divorce entered by the Medina County Domestic Relations Court. This Court affirms.
 I.
Appellee Bonnie Kraguljac filed a petition for divorce. Stanko responded by filing a counterclaim for divorce. The matter was referred to a magistrate and set for a full evidentiary hearing. During the hearing, Stanko attempted to introduce a document entitled "Waiver of 401(K) Retirement Funds" as evidence of a separation agreement where the parties agreed that they would relinquish their rights to the other parties' account. Specifically, the document contains a clause where Bonnie supposedly waived her rights to Stanko's 401(K) fund and Stanko supposedly waived his rights to Bonnie's 401(K) fund. Stanko urged the magistrate to accept the document as proof that the parties' 401(K) accounts should be classified as separate property. The magistrate determined that such document was a "settlement negotiation," and denied Stanko's request to admit it into evidence as a separation agreement concerning the parties' retirement funds. Hence, the magistrate classified the parties' funds as marital property.
Next, Stanko testified that, on several occasions, his brother loaned him large sums of money to help pay Bonnie and Stanko's marital debts. Ultimately, the magistrate found that the 401(K) funds were marital property and that the money Stanko borrowed from his brother was not a marital debt. Stanko filed an objection to the magistrate's decision, which the trial court subsequently overruled. The trial court adopted the magistrate's decision, and held that the 401(K) funds were marital property and that the purported debt from Stanko's brother was not a marital debt. Stanko timely appealed, asserting two assignments of error.
 II. First Assignment of Error
 The trial court erred by failing to permit evidence and enforce the provisions of the parties' separation agreement.
In his first assignment of error, Stanko has argued that the trial court erred in failing to recognize the agreement to waive the parties' retirement funds. Specifically, Stanko has asserted that such agreement was not an offer to compromise and complied with R.C. 3103.06. This Court disagrees.
As a preliminary matter, a trial court has broad discretion when determining whether to admit or to exclude evidence. SeeRigby v. Lake Cty (1991), 58 Ohio St.3d 269, 271. A reviewing court may not reverse the trial court's decision, absent an abuse of discretion. Id. Moreover, R.C. 3103.06 states that "[a] husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation." See, also, Carlisle v.T R Excavating, Inc. (1997), 123 Ohio App.3d 277, 285-286.
In the present case, Bonnie testified that there was no divorce pending at the time the agreement was signed by the parties. Furthermore, the agreement did not contain any provisions for support for the parties or their two children. Based on the foregoing, this Court concludes that the trial court did not abuse its discretion when it denied Stanko's request to admit the purported separation agreement into evidence. Stanko's first assignment of error is overruled.
 Second Assignment of Error The trial court erred by failing to consider all the marital debt owed by the parties in its property division.
In his second assignment of error, Stanko has argued that the trial court erred when it determined that Stanko failed to establish that he borrowed money from his brother and that such money was a marital debt. Stanko has asserted that he borrowed money from his brother to pay the parties' credit cards and house payment. This Court disagrees.
"[T]his Court is guided by a presumption that the findings of a trial court are correct, since the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weigh the credibility of the proffered testimony." Spinetti v. Spinetti (Mar. 14, 2001), Summit App. No. 20113, unreported, at 7-8. The findings of the trial court will be upheld on appeal if there is some competent, credible evidence to support the findings. See id. at 7.
At the hearing, Stanko testified that he borrowed various sums of money from his brother during 1995, 1997, 1998 and 1999. Stanko stated that he originally thought he owed his brother $14,000 at the time the divorce was filed; however, Stanko's brother later informed him that the balance was $26,800. The trial court found that Stanko was not sure of the exact amount his brother loaned him because Stanko used his check register to recite deposits that he thought were loans from his brother. Moreover, Stanko failed to introduce any documentary evidence to establish a legal debt to his brother. Lastly, Stanko did not subpoena his brother to testify to the existence and exact amount of the debt. In light of the foregoing, the trial court determined that Stanko was not a credible witness. After reviewing the record, this Court concludes that there is some competent, credible evidence to support the trial court's finding. Accordingly, Stanko's second assignment of error is not well taken.
 III.
Stanko's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________ BETH WHITMORE
BAIRD, P.J., CARR, J. CONCUR.