DECISION.
On August 21, 1998, Robert Alexander Diekman ("Robbie"), a minor, by and through his parents, Karen and Robert Edward Diekman, and his parents individually filed a medical-malpractice action against Dr. R. Les Murray, Samaritan OB/GYN, Inc., and John Doe Business Entity for injuries allegedly sustained to Robbie's right arm as the result of a shoulder distocia found at birth on March 16, 1997. Claims relating to negligence, lack of informed consent, and res ipsa loquitur were set forth in the complaint. Good Samaritan Hospital (presumably the John Doe Business Entity) was voluntarily dismissed from the action without prejudice on November 8, 1999. The individual parental claims were also voluntarily dismissed.
At the conclusion of the trial in January 2000, the jury returned a defense verdict in favor of Dr. Murray and his employer, Samaritan OB/GYN, Inc., finding that Dr. Murray had not been negligent in his care and treatment of Karen Diekman during her pregnancy and the delivery of Robbie, and that Dr. Murray's alleged negligence had not caused injury to Robbie. A motion for a new trial was filed on behalf of Robbie, but it was denied on June 1, 2000. An appeal on behalf of Robbie was thereafter timely filed with this court.
Six assignments of error have been raised on appeal. In the first assignment of error, Robbie argues that the trial court erred in dismissing the informed-consent claim and in failing to provide a jury instruction on informed consent. In the second assignment, Robbie argues that the trial court erred in excluding the testimony of Dr. Terri Hoopes, a treating physician. In the third assignment, Robbie maintains that the trial court erred in excluding diagnosis testimony. In the fourth assignment, he maintains that the trial court erred in allowing the use of medical texts during the direct examination of Dr. Murray and the defense's expert witness. In the fifth assignment, he maintains that the trial court erred in overruling his motion to strike portions of defense counsel's closing argument. Finally, in a supplemental brief, Robbie maintains that the trial court erred in allowing jurors to question the witnesses. We begin by addressing the second assignment, which we find to be meritorious.
In the second assignment of error, Robbie argues that the trial court erred in excluding the deposition testimony of Dr. Hoopes. According to Robbie, Dr. Hoopes's deposition testimony should have been admissible, at least in part, to demonstrate the general health of Karen Diekman, Robbie's injuries, and the potential cause of Robbie's injuries.
Robbie's counsel took the deposition of Dr. Hoopes on cross-examination. The deposition was filed by Robbie and transcribed in the record. The trial court did not permit the introduction of Dr. Hoopes's deposition itself, but the court did state that Dr. Hoopes could be called as a fact witness. The trial court gave the following reasons for its decision excluding Dr. Hoopes's deposition testimony: (1) the deposition of Dr. Hoopes contained expert testimony, and Dr. Hoopes was not identified as an expert on the witness list, and (2) Dr. Hoopes's opinion testimony failed to rise to the standard of probability required under the law.
Ordinarily, evidentiary rulings admitting or excluding evidence are within the trial court's discretion and provide the basis for reversal only where there is an abuse of discretion that gives rise to prejudicial error.[1] As courts have noted many times, the term "abuse of discretion" connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably.[2]
At trial, "any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition * * *."[3] Pursuant to Civ.R. 32(A)(3), the deposition of a witness "may be used by any party for any purpose," if the court finds that one of seven criteria apply. One of these criteria is that "the witness is an attending physician or medical expert."[4] Thus, the statute clearly provides for the use of depositions of an attending physician in a trial.
Dr. Hoopes was an attending physician. In her deposition, Dr. Hoopes testified that she was an obstetrician who had been a partner in the same practice with Dr. Murray, and that Karen Diekman was a patient of the practice. Dr. Hoopes attested that she had attended to Karen Diekman in the hospital the day after she had given birth to Robbie and again six weeks later in Dr. Hoopes's office. Dr. Hoopes also testified that she had performed a circumcision on Robbie at the hospital, and that she had consulted with Karen Diekman about Robbie's brachial-plexus injury at the six-week follow-up visit.
Dr. Hoopes's deposition testimony related, in part, to fact evidence. The whole focus of the defense strategy at trial was to prove that Dr. Murray had not been negligent in attending to Karen and Robbie Diekman during the birthing process, and that Robbie's brachial-plexus injury had not been caused when Dr. Murray forced Robbie out of the birth canal with forceps. Dr. Hoopes's testimony related primarily to her practice and to her observations of Karen and Robbie Diekman. While Dr. Hoopes also provided opinion testimony, which may not have been admissible, the factual element of Dr. Hoopes's testimony was clearly relevant to the case and admissible under Civ.R. 32(A)(3)(e).
But the use of Dr. Hoopes's factual testimony under Civ.R. 32(A)(3)(e) depended upon the absence of any discovery abuses.[5] In this case, the trial court determined that a discovery abuse had occurred because Dr. Hoopes had not been identified as a fact witness.
While the trial court enjoys "great latitude" in applying sanctions for alleged discovery abuses,[6] having reviewed the record, we hold that the court abused its discretion in finding that a discovery abuse had occurred for the following reasons. First, Dr. Hoopes had been identified as a fact witness by the defense prior to trial, and her deposition included factual testimony. Second, Dr. Hoopes's factual testimony was not cumulative, as Dr. Hoopes was the only treating physician, other than Dr. Murray, to testify about Karen and Robbie Diekman's conditions. And, third, the defense could not claim that it was unfairly surprised by Dr. Hoopes's deposition testimony, since the deposition had been filed and the defense was clearly aware of its contents. In light of this, we conclude that, even if Dr. Hoopes's opinion testimony was inadmissible, the trial court abused its discretion by excluding the entire deposition instead of excluding only those parts that were inadmissible. Accordingly, the second assignment of error is sustained.
Our disposition of the second assignment of error renders moot the challenges presented in the third, fourth, fifth, and sixth assignments of error. We, therefore, do not reach the merits of those challenges.[7]
That leaves for our disposition the first assignment of error, which challenges the dismissal of the informed-consent claim and the lack of a jury instruction on informed consent. Robbie maintains that a viable fetus has a right to informed consent during the birthing process. Under Robbie's argument, Dr. Murray would have been required to obtain consent on behalf of Robbie from his mother, Karen Diekman, concerning the use of forceps during the delivery. We do not agree with this proposition.
At trial, Dr. Murray and another expert testified that an obstetrician was not required to obtain consent before using forceps. Robbie failed to contradict that this was the appropriate standard at trial. Specifically, he did not provide any testimony relating to whether the appropriate standard of care required obtaining informed consent from an unborn for the use and application of forceps. Moreover, Robbie has not provided, and we are not aware of, any statutory or common-law basis for an unborn to bring an informed-consent claim. Given that, we conclude that the trial court properly dismissed the informed-consent claim, and that the trial court did not err in failing to instruct the jury about informed consent. Accordingly, the first assignment of error is overruled.
Having determined that the trial court abused its discretion by improperly excluding Dr. Hoopes's deposition testimony in its entirety, we reverse the judgment of the trial court and remand this cause for further proceedings in accordance with this Decision and the law.
Judgment affirmed in part and reversed in part, and cause remanded.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271,569 N.E.2d 1056, 1058; State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343, paragraph two of the syllabus.
[2] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[3] See Civ.R. 32(A).
[4] Civ.R. 32(A)(3)(e).
[5] See Nakoff v. Fairview General Hosp. (1996), 75 Ohio St.3d 254,257, 662 N.E.2d 1, 4.
[6] See id. at 256, 662 N.E.2d at 3.
[7] See App.R. 12(A)(1)(c).