DECISION
{¶ 1} Plaintiff-appellant, Marvin L. Devaney, in his own capacity and as guardian of his wife, Anna Mae Devaney, appeals from the judgment entered on December 21, 2001, in favor of defendants-appellees, Dr. Ronald D. Irsik, Dr. James G. Wright, and their practice groups, University Radiologists, Inc. and University Vascular Surgery, Inc. By its judgment, rendered upon a jury verdict, the Franklin County Court of Common Pleas dismissed all claims in this medical malpractice action.
{¶ 2} This appeal pertains solely to the trial court's admission into evidence of the testimony of Dr. Geoffrey Eubanks, a neurologist retained by Dr. Wright and University Vascular Surgery, Inc. Appellant asserts the following assignments of error:
{¶ 3} "First Assignment of Error
{¶ 4} "The trial court abused its discretion in permitting the testimony of Dr. Eubank in violation of its previous order.
{¶ 5} "Second Assignment of Error
{¶ 6} "The trial court erred by admitting medical opinion testimony that is not based upon scientifically valid principals [sic] as required by evidentiary rule 702(C)."
{¶ 7} Appellant has provided us with an extremely limited appellate record. With regard to the trial transcript, appellant filed Dr. Eubank's direct examination testimony and approximately thirteen additional pages from the examinations of other expert witnesses. We gleaned the following facts from the limited record, the complaint and the parties' briefs.
{¶ 8} Anna Mae Devaney was admitted to the Ohio State University Medical Center for the removal of a glomus tumor. Mrs. Devaney's physicians decided to perform an embolization procedure to control the bleeding in the area where the future surgery would occur.
{¶ 9} Dr. Irsik, an interventional radiologist, performed the embolization procedure on September 21, 1993. Near the conclusion of the procedure, Mrs. Devaney developed paralysis on the right side of her body. Dr. Irsik performed an angiogram, which showed that Mrs. Devaney's left internal carotid artery was occluded.
{¶ 10} Several additional physicians were consulted, including Dr. Wright, a vascular surgeon. They concluded that Mrs. Devaney had suffered a stroke which impacted her speech and movement. All of the physicians agreed that Dr. Wright should perform a left internal carotid thrombectomy in an effort to open the occluded artery. Mrs. Devaney was taken to surgery approximately one hour after the embolization procedure was completed.
{¶ 11} Dr. Wright was able to remove a small amount of thrombus and to obtain a back flow of blood. Mrs. Devaney's speech and movement deficits, however, did not improve. Appellant contends, among other things, that Mrs. Devaney's deficits are worse as a result of Dr. Wright's surgery. By this lawsuit, appellant alleges that Drs. Irsik and Wright's treatment of Mrs. Delaney fell below the standard of care and proximately caused her to suffer permanent disability.
{¶ 12} On February 21, 2001, the trial court issued an order and journal entry that included an amended case schedule. Among other things, the schedule established deadlines for the disclosure of expert witnesses. Appellant was to disclose his expert witnesses by March 16, 2001. Appellees were to disclose their expert witnesses by May 4, 2001.
{¶ 13} Appellant timely disclosed the identities of his expert witnesses, including Dr. Daniel Hanley, a neurologist. Dr. Hanley was deposed on April 7, 2001. Appellees contend that Dr. Hanley offered unexpected criticisms with regard to Dr. Wright. Appellees contend that, as a result of Dr. Hanley's unexpected testimony, Dr. Wright immediately sought a rebuttal expert witness in neurology. Dr. Wright filed and served a supplemental expert witness disclosure on August 10, 2001, identifying Dr. Geoffrey A. Eubank as an additional expert witness who would be testifying on the issues of standard of care and causation. By letter dated August 10, 2001, Dr. Wright's attorney advised appellant's attorney that Dr. Eubank was available for deposition.
{¶ 14} Appellant contends that his attorney promptly and repeatedly indicated that he would resist Dr. Eubank's appearance as a witness because his identity was not timely disclosed pursuant to the court's scheduling order. Dr. Wright's counsel denies that this occurred and notes that appellant did not raise the issue during a telephonic pretrial conference on August 21, 2001. Dr. Wright's counsel further contends that he reiterated by letter dated September 7, 2001, that Dr. Eubank was available for deposition. At that point, trial was scheduled to begin on December 3, 2001.
{¶ 15} In any event, appellant's counsel did not take Dr. Eubank's deposition. On December 3, 2001, Dr. Wright moved in limine for a court order permitting Dr. Eubank to testify notwithstanding the fact that his identity was disclosed after the deadline in the court's scheduling order. Although appellant contends that he opposed this motion, there is no evidence in the record before this court of written or oral opposition to the motion.
{¶ 16} The trial court granted Dr. Wright's motion in limine and permitted Dr. Eubank to testify. The court's decision was memorialized as follows in its December 21, 2001 entry:
{¶ 17} "During the course of the trial several motions in limine were filed on behalf of the Defendants herein. Wright sought to make the Court aware of the need to have the testimony of Dr. Geoffrey A. Eubank, M.D. an expert, not disclosed to Plaintiffs prior to the Court's scheduled deadline for the disclosure of supplemental witnesses. It was clear to the Court, however, that the existence of this witness had been disclosed prior to trial with the offer to Plaintiffs' counsel that the witness was available for deposition. Plaintiffs elected not to depose Dr. Eubank. Because the Court believed it beneficial to the parties to grant wide latitude to allow them to present their evidence and had been lenient with Plaintiffs' expert witness' last-minute unavailability for live testimony, the Court, in its discretion granted Wright's motion in limine and permitted Dr. Eubanks to testify at trial. Wright's motion in limine filed December 3, 2001, for good cause shown, is hereby GRANTED."
{¶ 18} As an initial matter, we address an outstanding motion to dismiss this appeal. On May 20, 2002, Dr. Irsik and University Radiologists, Inc. moved to dismiss, arguing (1) that appellant's brief failed to comply with App.R. 16(A) and Loc.R. 7(A) of the Tenth District Court of Appeals, and (2) that, although appellant indicated that he was appealing the decision with regard to all defendants, appellant's assignments of error do not pertain to Dr. Irsik or University Radiologists, Inc.
{¶ 19} On May 29, 2002, appellant filed a corrected brief. Accordingly, we deny Dr. Irsik and University Radiologists, Inc.'s motion to dismiss to the extent that it is based upon appellant's alleged failures to comply with App.R. 16(A) and Loc.R. 7(A) of the Tenth District Court of Appeals. The motion to dismiss is granted, however, on the basis that appellant's assignments of error do not pertain to Dr. Irsik or University Radiologists, Inc. Appellant admits that Dr. Irsik and University Radiologists, Inc. "disclosed their expert witnesses in compliance with the trial court's Order." Moreover, Dr. Eubank was retained to testify on behalf of Dr. Wright, and the portion of Dr. Eubank's testimony that appellant alleges amounted to error pertains to Dr. Eubank's testimony regarding the surgery performed by Dr. Wright. Accordingly, the appeal is dismissed with regard to Dr. Irsik and University Radiologists, Inc., and we address appellant's assignments of error as they relate to Dr. Wright and University Vascular Surgery, Inc.
{¶ 20} By his first assignment of error, appellant argues that the trial court erroneously permitted Dr. Eubank to testify even though Dr. Eubank was disclosed after the court's deadline for disclosure of defense expert witnesses.
{¶ 21} The admissibility of evidence lies within the sound discretion of the trial court. State v. Robb (2000), 88 Ohio St.3d 59,68. "Absent an abuse of discretion, as well as a showing that the opposing party has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence." Millstone Dev., Ltd. v. Berry, Franklin App. No. 01AP-907, 2002-Ohio-2241, at ¶ 64. An abuse of discretion "connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably." Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271.
{¶ 22} The trial court did not abuse its discretion in permitting Dr. Eubank to testify notwithstanding the fact that Dr. Eubank's identity was disclosed after the deadline in the court's scheduling order. The trial court considered the fact that Dr. Eubank was disclosed after the scheduling order deadline, but noted that appellant was aware before trial that Dr. Eubank had been retained and was available for deposition. The trial court's conclusion, based upon its assessment that appellant had elected against deposing Dr. Eubank and its desire to afford latitude to both parties in presentation of their evidence, is not unreasonable, arbitrary or unconscionable. Accordingly, we overrule appellant's first assignment of error.
{¶ 23} In his second assignment of error, appellant contends that the trial court erred by admitting testimony from Dr. Eubank in violation of Evid.R. 702(C), which requires that expert testimony be "based on reliable scientific, technical, or other specialized information." Appellant argues that Dr. Eubank's interpretation of a post-operative CT scan was not based upon reliable scientific information.
{¶ 24} Appellant's attorney did not raise at trial the issue of whether Dr. Eubank's testimony was based on reliable scientific information. Indeed, appellant's attorney did not object at all during Dr. Eubank's testimony. Accordingly, we confine our review to the plain error doctrine. Ohio law has long recognized that, in civil cases, "failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. The plain error doctrine is not favored in appeals of civil cases and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Id.
{¶ 25} Although appellant contends in his brief that there "is no basis in medical science" for Dr. Eubank's opinion, appellant cites to no authority whatsoever that would undermine the reliability of Dr. Eubank's testimony. Furthermore, although appellant contends that Dr. Eubank's testimony differed dramatically from the testimony of all of the other witnesses who interpreted the post-operative CT scan, appellant's contention is unsupported by trial evidence. Appellant's record on appeal is limited to excerpts from Dr. Eubank's direct examination and approximately thirteen additional random pages from various experts that all concurred with Dr. Eubank that a pre-operative CT scan was unnecessary. Under these circumstances, we cannot conclude that the trial court committed plain error in permitting Dr. Eubank to offer his interpretation of the post-operative CT scan. Accordingly, we overrule appellant's second assignment of error.
{¶ 26} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion to dismiss granted; judgment affirmed.
BRYANT and GLASSER, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution