[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Angie Warren and plaintiff Spine Orthopaedic Sports Physical Therapy filed a complaint against Michael Vell for personal injury to Warren following a car accident. In an amended complaint, Warren added Vernon Place Chiropractic as a third-party plaintiff. Vernon Place Chiropractic then filed a cross-claim against Warren for a declaratory judgment to receive payment for services rendered to her. A jury trial was conducted in September 2002. During the trial, the parties agreed to enter judgment in favor of Vernon Chiropractic for services rendered to Warren. Payment to Vernon Chiropractic was to be made by either Warren or Vell, whoever was adjudged the liable party in the lawsuit. After the trial, the jury found in favor Vell, and final judgment was entered in his favor. Warren now appeals from that judgment.
 {¶ 3} In the first assignment of error, Warren contends that the trial court erred in admitting two photographs of her car when property damages were not at issue during the trial. In the second assignment of error, she maintains that the trial court erred by allowing evidence of attorney representation when it was also not an issue in the case.
 {¶ 4} At the outset, we note that Warren has failed to provide us with a complete record. Four witnesses testified at the trial: Warren, Vell, Brian Fillmore, and Dr. V.P. Mannava. Fillmore testified on behalf of Vernon Chiropractic about whether the chiropractic charges were reasonable. Warren testified on her own behalf about how she had been injured, who had caused the injury, and what damages had resulted. Vell testified on his own behalf about the accident. And Dr. Mannava's videotape deposition was played for the jury. The record reflects that, by request of counsel, the videotape and the rulings on objections were not transcribed. The videotape has not been filed with the record on appeal.
 {¶ 5} For this court to review the evidence that was presented to the jury, there must be a verbatim transcript of the deposition as it was played or read to the jury, including the objections made and the rulings thereon.[1] Without the transcription, omissions from the actual playing of the videotape cannot be ascertained by the deposition in the trial docket.[2] Further, absent an agreed statement or correction of the record, we are unable to ascertain what was played to the jury.[3]
Because Dr. Mannava's videotape deposition was not transcribed for the record, we are unable to review the entire record. Nevertheless, we choose to address the assignments of error only insofar as they concern the admission of evidence.
 {¶ 6} The admission of evidence rests within the discretion of the trial court.[4] An "abuse of discretion" implies that the trial court's ruling was unreasonable, arbitrary or unconscionable.[5] To recognize an abuse of discretion, we must conclude that the trial court committed more than an error of judgment.[6]
 {¶ 7} We first address the admission of the photographs. Warren asserts that it was impermissible to admit photographs of her car. Warren contends that the photographs were prejudicial because they demonstrated little physical damage to her car's bumper, which may have suggested to the jury that she did not suffer any personal injury from the accident. We disagree. This case involved a multi-car accident where Vell hit the car in front of him, which then hit Warren's car. The photographs were properly identified and admitted, and related to whether Warren had been involved in the multi-car accident. While vehicular damage was not an issue in this case, the photograph was at least admissible to show that Warren was involved in the multi-car accident.
 {¶ 8} Warren also objects to the admission of her testimony that she had not repaired her car after the accident, Vell's testimony that he had observed no damage to Warren's car, and defense counsel's closing argument insinuating that Warren's car did not suffer serious damage. Warren did not object to any of these incidents at trial; therefore we may only consider Warren's arguments under the plain-error doctrine. In appeals of civil cases, the plain-error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where the error, to which no objection was made at trial, seriously affected the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself.[7] Absent the entire record, we can find no such error here.
 {¶ 9} Finally, we review Warren's objection to the admission of evidence concerning attorney representation. Specifically, Warren objects to the admission of her testimony that she had seen her attorney the same day that she had seen her chiropractor. Warren's testimony was elicited after she had testified that she was unable to recall which day she had seen her chiropractor. A letter from her attorney was used to refresh her recollection. The letter was not given to the jury and was only admitted into the record for the sole purpose of appellate review. Given Warren's inability to recall the date that she saw the chiropractor, which related to the issue of personal damages, we hold that the trial court did not abuse its discretion in admitting a reference to the letter for that limited purpose.
 {¶ 10} As a result, we overrule both assignments of error and affirm the judgment of the trial court.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See App.R. 9(A).
[2] There is a deposition of Dr. Mannava in the trial docket, but we cannot be sure whether it was the one played for the jury, and even if it was the actual deposition played at the trial, the trial court's rulings on the objections were not made in Dr. Mannava's deposition.
[3] See App.R.9(C), (D), and (E).
[4] See Evid.R. 401; Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,271, 569 N.E.2d 1056.
[5] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[6] See id.
[7] See Goldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio-401,679 N.E.2d 1099, syllabus.