OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment rendered in favor of Appellee in the Canton Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case emanated from a contract between the parties for a business advertisement in a telephone directory.
 {¶ 3} Appellant asserted that it did not owe Appellee any balance hereunder as such ad was canceled and no advertising was then authorized.
 {¶ 4} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 5} "I. The trial court erred as a matter of law in allowing the appellee to use a non-related contract as evidence to support its claims against the appellant in direct violation of the parol evidence rule and the best evidence rule which the trial court then relied on said evidence in making it's [sic] final ruling."
 I. {¶ 6} This appeal presents a somewhat difficult examination as on the one hand the original advertising contract upon which Appellee's suit was based was not presented at trial and, on the other hand, no witnesses were presented on behalf of Appellant.
 {¶ 7} Further, no Appellee's brief has been filed.
 {¶ 8} As to the Assignment of Error, we agree with the Appellant that the best evidence rule requires that the original contract upon which a claim for moneys due be introduced into evidence and that the parol evidence rule was also violated.
 {¶ 9} Evidence Rule 1002 states:
 {¶ 10} "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."
 {¶ 11} While Evidence Rule 1003 modifies such Rule as to duplicate copies, such is inapplicable to the case sub judice as a duplicate was not provided, only a partial copy of another individual's contract was utilized.
 {¶ 12} It may be argued that, without an objection, waiver removes the basis of the appeal on the grounds argued. However, sufficient evidence on cross-examination and the closing statement on behalf of Appellant clearly raises the issues as to the lack of the original contract.
 {¶ 13} Also, without an Appellee's brief, such argument has not been utilized.
 {¶ 14} Another difficulty in this case is the apparent representation of Appellant by a non-lawyer and the direction by the court to provide such representation. Such, of course, would be improper if Appellant is a legal entity in itself, but we choose only to express this comment as such is not before us.
 {¶ 15} Ultimately, the issue presented is whether the court abused its discretion in the admission of contractual materials other than that of Appellant and testimony based thereon. While the Assignment of Error is not specifically couched as an abuse of discretion in this regard, the content of the argument falls within this area.
 {¶ 16} Normally, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion. See: Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 66; Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 17} As the court improperly accepted the contractual evidence offered by Appellee with the original contract being available and not provided, and even without testimony on the part of Appellant, we find that such seriously affected the rights of Appellant and not only constituted an abuse of discretion but supported the judgment rendered when, without such admission, Appellee failed in its burden of proof.
 {¶ 18} We therefore sustain the sole Assignment of Error, vacate the judgment rendered in favor of Appellee and render final judgment in favor of Appellant at the costs of Appellee.
 {¶ 19} The judgment of the Stark County Court of Common Pleas is reversed.
Judgment reversed.
Boggins, J., Farmer, P.J. and Edwards, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is vacated and reversed. Costs assessed to appellee.