OPINION
{¶ 1} Defendants Chris Fowler and Sheila Crawmer appeal a judgment of the Court of Common Pleas of Licking County, Ohio, entered on a jury verdict. The jury found in favor of appellants on their counterclaim in the amount of $5,846.47, and in favor of the plaintiffs-appellees, Robert and Susan Bingman, on their complaint in the amount of $4,000.00. The court entered judgment in appellants' favor for $1,846.47. Appellants assigns four errors to the trial court:
 {¶ 2} "I. THE COURT ERRED IN REFUSING TO ADMIT AS EXHIBITS PLAINTIFFS HOME OWNERS INSURANCE POLICIES FOR THE PROPERTY LOCATED AT 386 MYERS AND 113 ELLIOT WHEREIN THE STATED AMOUNT OF COVERAGE WAS AN ADMISSION AGAINST INTEREST AND RELEVANT EVIDENCE ESTABLISHING THE INCREASED MARKET VALUE OF THE BENEFIT THAT THE PLAINTIFF HAD BEEN UNJUSTLY ENRICHED.
 {¶ 3} "II. THE COURT ERRED IN WRONGFULLY INSTRUCTING THE JURY OVER OBJECTION THAT: DAMAGES IN THIS CASE ARE THE REASONABLE VALUE OF THE SERVICES PROVIDED BY THE DEFENDANT TO PLAINTIFF FROM WHICH PLAINTIFF RECEIVED BENEFIT. IN DETERMINING THE BENEFIT TO THE PLAINTIFF, YOU MAY TAKE INTO ACCOUNT THE REASONABLE VALUE OF WHATEVER SERVICES AND WORK PRODUCT YOU FOUND THE DEFENDANT PROVIDED TO THE PLAINTIFF. THESE DAMAGES ARE KNOWN AS COMPENSATORY DAMAGES AND ARE DESIGNED TO COMPENSATE THE DEFENDANT IN FULL FOR THE REASONABLE VALUE OF THE SERVICES HE RENDERED. NO MORE, BUT NO LESS. *Page 3 
 {¶ 4} "III. THE COURT ERRED IN REFUSING TO GIVE APPELLANTS SPECIAL INSTRUCTION 9 OR SOME MODIFICATION THEREOF AS THE TEST FOR THE JURY TO APPLY IN DETERMINING THE AMOUNT OF THE WRONGFUL RETENTION AND OR UNJUST ENRICHMENT.
 {¶ 5} "IV. THE COURT ERRED IN REFUSING TO SUBMIT THE COUNTERCLAIMS OF SHELIA CRAWMER AND CHRIS FOWLER FOR MALICIOUS PROSECUTION FOR FILING THE EVICTION IN BAD FAITH WHEN THE VALUE OF THE UNJUST BENEFITS THAT THE LANDLORDS FRAUDULENTLY OBTAINED FAR EXCEEDED ANY UNPAID RENT CLAIM WHICH WAS FIXED BY THE JURY AT $4,000."
 {¶ 6} The action originated as a forcible entry and detainer action in the Licking County Municipal Court. The appellees sought to evict appellants, and to recover past due rent of $5,175.00 and damages of $2,400.00. Appellants counterclaimed, arguing appellees had been unjustly enriched because appellants had added improvements to the properties at issue, and arguing appellants had been fraudulently induced to make those improvements relying on oral contracts which appellees later repudiated.
 {¶ 7} Appellants' counterclaim exceeded the Municipal Court's jurisdiction. The Municipal Court entered an order of eviction, and transferred all other issues to the Court of Common Pleas.
 {¶ 8} At trial, the parties presented vastly different versions of their agreement. Appellees alleged appellants moved into the property at 386 Myers Avenue, in Buckeye Lake, Ohio, as renters pursuant to an oral agreement. Under appellees' version of the *Page 4 
events, the parties had agreed appellants would be paid for the time and materials used in making the house livable.
 {¶ 9} In January 2004, appellants moved into the property, and began to pay rent or monthly installments on the purchase. In June 2004, appellants stopped paying and informed appellees they wanted to move to a different property appellees owned on Elliott Street, because the house on Myers was not large enough. Appellants moved into the Elliott Street house in July 2004.
 {¶ 10} Appellees alleged in September 2004, they went to the Myers Street property to show it to a prospective renter, and found the house was unlivable. Appellants lived in the Elliott Street property for seven to eight months without paying any rent, and vacated the property before the Municipal Court ordered their eviction.
 {¶ 11} Appellants testified to a much different scenario. Appellants testified the appellees offered to sell the Myers Avenue property for $55,000, and the parties agreed any remodeling work appellants did would be considered as a down payment on the purchase price. Appellant Fowler testified when he moved into the Myers Avenue property, the house had nothing in it but he restored the home and it was marketable when he and Appellant Crawmer left to move to Elliott Street.
 I. {¶ 12} In their first assignment of error, appellants argue the court erred in refusing to admit appellees' homeowner's insurance policies for the Myers Avenue and Elliott Street properties. Appellants argued to the court the declaration pages were relevant as evidence of appellees' opinion of the fair market value of the properties. The trial court found the insurance policies were not evidence of the fair market value of the *Page 5 
properties, and found appellants had failed to produce any expert witness who could testify the insurance policies were relevant. The court informed appellants they could cross examine appellees regarding their opinion of the value of the properties. The record does not indicate appellants did so.
 {¶ 13} Appellees direct our attention to the exhibits themselves. None of the documents refer to the properties during the time frame at issue, and two policies are for two other properties appellees own.
 {¶ 14} In Rigby v. Lake County (1991), 58 Ohio St. 3d 269,569 N.E. 2d 1056, the Ohio Supreme Court found a trial court is generally vested with broad discretion to determine the admissibility of evidence, so long as it exercises its discretion in accord with the rules of procedure and evidence, Rigby at 271, citations deleted. An appellate court reviews a trial court's decision regarding the admissibility of the evidence using the abuse of discretion standard, which the Supreme Court has repeatedly defined as implying the trial court's attitude was unreasonable, arbitrary, or conscionable, Id. citations deleted.
 {¶ 15} Our review of the record leads us to conclude the trial court did not abuse its discretion in finding the proposed evidence was not relevant to any matter at issue. Accordingly, the first assignment of error is overruled.
 II. III. {¶ 16} In each of these assignments of error, appellants challenge the court's jury instructions regarding appellants' damages. Assignment of Error III sets forth the jury instruction appellants asked the court to give. Assignment of Error II argues the instruction the court gave instead was incorrect. *Page 6 
 {¶ 17} The court instructed the jury "damages in this case are the reasonable value of the services provided by the defendant to plaintiff from which plaintiff received benefits. In determining the benefit to the plaintiff, you may take into account the reasonable value of whatever services and work product you found the defendant provided to the plaintiff. These damages are known as compensatory damages and are designed to compensate the defendant in full for the reasonable value of the services he rendered. No more, but no less."
 {¶ 18} The jury instruction appellants asked for was "if you find that the plaintiffs, Robert Bingman and Susan Bingman have unjustly enriched themselves than you shall determine the amount of the unjust-enrichment. In determining this amount you shall determine the value of the enhancement of the market value of 386 Myers and 113 Elliott.
 {¶ 19} "In addition, you shall return all down payment money in the amount of $1,000.00 and the five months payments of $500.00 that plaintiff Bingman has received under the oral land contract for 386 Myers.
 {¶ 20} You shall further make the plaintiff disgorge all the rents he has received from 113 Elliott and 386 Myers as the result of defendant Fowler having made such properties rentable.
 {¶ 21} Finally, you shall return to the defendant Fowler all of the money spent by him for labor and materials for the two properties."
 {¶ 22} In Ellis v. Meritor Automotive, Licking Appellate No. 01CA82, 2002-Ohio-2862, this court found the choice of jury instructions is within the sound discretion of the trial court, and must not be disturbed on appeal absent an abuse of discretion. In *Page 7 
reviewing jury instructions, this court must review them as a whole,Ellis at paragraph 11, citations deleted.
 {¶ 23} A court should ordinarily give a requested jury instruction if it is a correct statement of the law as applied to the facts of the case, and if there was evidence presented at trial from which reasonable minds could reach the conclusion sought by the instruction, Murphy v.Carrollton Manufacturing Company (1991), 61 Ohio St. 3d 585,575 N.E. 2d 828.
 {¶ 24} Generally, unjust enrichment and breach of contract are mutually exclusive theories of recovery, see Booher Carpet Sales, Inc.v.Erickson (October 2, 1998), Greene App. No. 98-CA-0007. In order to recover under the theory of unjust enrichment, a plaintiff must prove (1) the plaintiff conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained a benefit under circumstances where it would be unjust for him to retain the benefit without payment, Hambleton v. R.G. Barry Corporation (1984),12 Ohio St. 3d 179, 183, 465 N.E. 2d 1298.
 {¶ 25} By contrast, the proper measure of damages for a breach of a real estate contract is the difference between the original contract price and the fair market value of the property at the time of the breach, Williams v. Kondziela, Lake App. No. 2002-L-190, 2004-Ohio-2077, at paragraph 20, citing Roth v. Habansky, Cuyahoga App. No. 82027,2003-Ohio-5378. A party seeking to recover damages must show not only the resale price, but also that the resale price was the true indicator of the fair market value at the time of the breach, Peterman v.Dimoski, 1st Dist. No. C-020116, 2002-Ohio-7337, at paragraph 4. *Page 8 
 {¶ 26} Although appellants argued the transactions at issue represented an oral contract for purchase of the property, appellants did not introduce any evidence regarding the market value, from which a jury could determine the value of the contract to appellants. Likewise, the jury had no information regarding how much appellants had enhanced the value of the property. The only evidence before the jury was information regarding the labor and materials appellants put into the property.
 {¶ 27} We find the instruction the court gave to the jury was a correct statement of law as applied to the evidence presented, while appellants' proposed jury instruction was not. Accordingly, we find no error in the court's instructions to the jury.
 {¶ 28} The second and third assignments of error are overruled.
 IV. {¶ 29} In their fourth assignment of error, appellants argue the trial court erred in directing a verdict on behalf of appellees on appellants' counterclaim for malicious prosecution.
 {¶ 30} In Robb v. Chagrin Lagoons Yacht Club, Inc.,75 Ohio St. 3d 264, 1996-Ohio-189, 662 N.E. 2d 9, the Ohio Supreme Court held: "In order to state a cause of action for malicious prosecution in Ohio, four essential elements [must] be alleged by the plaintiff: (1) malicious institution in prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of prior law suit, (3) termination of the prior proceedings in the plaintiff's favor, and (4) seizure of the plaintiff's person or property during the course of the prior proceedings", syllabus by the court, citations deleted. *Page 9 
 {¶ 31} Appellants argued appellees filed the eviction in bad faith because the value of the benefits appellees fraudulently obtained far exceeded the unpaid rent claim. Appellants point out the jury found appellants' unpaid rent was $4,000.00, while the improvements and payments they had made was more than $5,000.00.
 {¶ 32} The prior proceeding was the eviction in municipal court, wherein the municipal court specifically found grounds to evict appellants from the property. Appellants did not appeal the court's judgment. The trial court found it was bound by the principles of res judicata to accept the municipal court's determination the eviction was proper. We agree with the trial court appellants could not establish the elements of malicious prosecution.
 {¶ 33} The fourth assignment of error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellants. *Page 1