[Cite as *State v. Parke*, 2019-Ohio-3629.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18-CA-118 |
| | : | |
| PAUL PARKE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking Municipal Court,
                              Case No. 18-CRB-2427



JUDGMENT:                     AFFIRMED



DATE OF JUDGMENT ENTRY:       September 5, 2019



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

TRICIA M. MOORE                            CHRIS BRIGDON
ASSISTANT LAW DIRECTOR                     123 Stirling Way
40 West Main St.                           Etna, OH 43062
Newark, OH 43055

*Delaney, J.*

{¶1}   Defendant-Appellant Paul Parke appeals his November 21, 2018 conviction and sentence by the Licking County Municipal Court. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Jane Doe was in a romantic relationship and resided with Defendant-Appellant Paul Parke. Their relationship ended and on October 10, 2018, Jane Doe obtained an ex parte Domestic Violence Civil Protection Order against Parke. The CPO was issued for a period of two years.

{¶3}   On October 12, 2018, Jane Doe contacted the Newark Police Department and Officer Bill Eberts reported to Jane Doe's home, where she seemed concerned and scared. Jane Doe stated that morning, a mutual friend of Jane Doe and Parke sent her a screenshot of a Facebook Messenger post allegedly posted by Parke that day. The post included Parke's name, profile picture, and was time-stamped "just now." The post read, "OK [A.R.S.] whatever your name is, I can see your not home you think I won't blow the car up wrong I got plans to fuck you up mite be my 1st murder charge if they catch me I want the shit from the house best believe I will get it a cpo is paper I got hands I'm coming for you[.]"

{¶4}   When she received the screenshot, Jane Doe looked outside and saw a blue truck identical to Parke's blue truck parked across the street. She saw someone screaming out of the truck, "Hey you, fuck." The blue truck then drove off. After receiving the screenshot and seeing the person screaming in the blue truck, Jane Doe contacted the police. Officer Eberts patrolled the area looking for the blue truck but did not see one

in the area, even though Jane Doe reported someone nearby owned an identical blue truck. At the time of the post, Jane Doe and Parke were communicating about the use of Parke's vehicle and collecting his belongings from the shared residence. Jane Doe believed the Facebook Messenger post was from Parke because only a few people including Parke knew her name was A.R.S.

{¶5}   When Officer Eberts returned to the station after taking the report from Jane Doe, he looked up Parke's Facebook page. He saw screen shots of messages between Parke and Jane Doe posted in the feed on Parke's Facebook page. Officer Eberts took screenshots of the messages, which were dated "Yesterday at 5:10 pm."

{¶6}   On October 15, 2018, Jane Doe dismissed the CPO against Parke.

{¶7}   On October 23, 2018, Parke was charged with Violating a Protection Order in violation of R.C. 2919.27, a first-degree misdemeanor. He was arraigned on October 29, 2018 and entered a plea of not guilty. A bench trial was held on November 21, 2018.

{¶8}   At trial, the State introduced State's Exhibit 3, which was the screenshot of the Facebook post allegedly posted by Parke, during Jane Doe's testimony. The State also introduced Exhibit 4, which were screenshots of messages between Parke and Jane Doe, during the testimony of Officer Eberts. Parke did not object to the submission of State's Exhibits 3 or 4. Parke did not testify.

{¶9}   At the conclusion of evidence, the trial court found Parke guilty of Violating a Protection Order. Prior to posting bond, Parke served 12 days in jail. The trial court sentenced Parke to time served and imposed a fine of $150.00 plus court costs. The sentence was journalized on November 21, 2018.

{¶10} It is from this judgment Parke now appeals.

**ASSIGNMENT OF ERROR**

{¶11} Parke raises one Assignment of Error:

{¶12} "APPELLANTS [SIC] CONVICTION OF VIOLATING A CIVIL PROTECTION ORDER WAS IN ERROR DUE TO INSUFFICIENCY OF EVIDENCE. ADDITIONALLY, THE STATE'S RELIANCE UPON STATE'S EXHIBITS 3 AND 4 COULD NOT HAVE CONVINCED A REASONABLE MIND OF GUILT BEYOND A REASONABLE DOUBT; AND AFTER DRAWING REASONABLE INFERENCES, THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

**ANALYSIS**

{¶13} Parke argues in his sole Assignment of Error that his conviction under R.C. 2919.27 was against the manifest weight and sufficiency of the evidence. Parke specifically contends State's Exhibits 3 and 4 were insufficient evidence and against the manifest weight of the evidence to sustain Parke's conviction for Violating a Protection Order. We disagree.

**Standard of Review**

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's

guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**Admission of Evidence**

{¶16} Parke first argues State's Exhibit 3 was improperly authenticated pursuant to Evid.R. 901(B)(1). The transcript shows Parke's trial counsel did not object to the admission of State's Exhibit 3 into evidence. It is well-settled that a party must object in order to preserve an issue for appeal. *Feister v. Felton*, 5th Dist. Tuscarawas No. 2018 AP 02 0008, 2018-Ohio-3345, 2018 WL 4002093, ¶ 33 citing *Morris v. McQuillen*, 5th Dist. Richland No. 2008-CA-87, 2009-Ohio-2848. Because Parke failed to object to the admission of the exhibit, we must determine whether the trial court committed plain error in allowing the admission of the exhibit.

{¶17} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The

rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688, 2009 WL 943968, citing *State v. Morales*, 10 Dist. Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, 2004 WL 1446117, at ¶ 19 (citation omitted).

{¶18} The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶19} Parke contends the State did not properly authenticate State's Exhibit 3 before its admission pursuant to Evid.R. 901(B)(1). The evidentiary rule states:

(A) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(B) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of Witness With Knowledge. Testimony that a matter is what it is claimed to be.

{¶20} Jane Doe testified as to State's Exhibit 3. She stated it was a screenshot of a Facebook Messenger post allegedly posted by Parke. Jane Doe received the screenshot from a mutual friend on October 12, 2018. The post included Parke's name, profile picture, and was time-stamped "just now." The post read, "OK [A.R.S.] whatever your name is, I can see your not home you think I won't blow the car up wrong I got plans to fuck you up mite be my 1st murder charge if they catch me I want the shit from the house best believe I will get it a cpo is paper I got hands I'm coming for you[.]"

{¶21} Parke contends Jane Doe did not have any personal knowledge of the contents of the screenshot. She did not personally observe the Facebook post on Parke's Facebook page. Jane Doe testified she received the screenshot from a mutual friend, who did not testify at the trial.

{¶22} "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Westfield Ins. Group v. Silco Fire & Sec.*, 5th Dist. Stark No. 2018CA00122, 2019-Ohio-2779, 2019 WL 2775601, ¶ 52 citing *Huth v. Kus*, 5th Dist. No. 2017 AP 06 0015, 2018-Ohio-1931, 113 N.E.3d 140, 2018 WL 2230727, ¶ 30 quoting *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). We find no abuse of discretion for the trial court to allow the admission of State's Exhibit 3 based on Jane Doe's testimony. Jane Doe testified she received the screenshot of the Facebook post from her and Parke's mutual friend. At trial, Jane Doe testified that some of the phrases on the Facebook post did not sound like things Parke would say, such as, "I got hands." The Facebook post, however, referred to a CPO, which was issued against Parke on October 10, 2018. The Facebook post further referred to Jane Doe's full name, which she

stated only a few people knew, including Parke. Jane Doe also testified she and Parke were having a dispute about the ownership of a car. We no plain error and that the trial court exercised its discretion in accordance with Evid.R. 901(B)(1) because Jane Doe testified the screenshot of the Facebook post was what it was claimed to be, a post from Parke.

### Insufficiency and Manifest Weight

{¶23} Parke next contends State's Exhibit 3 and 4 were insufficient to sustain a conviction of Violating a Protection Order. The October 10, 2018 domestic violence civil protection order restrained Parke from committing acts of abuse or threats of abuse against the petitioner, Jane Doe. In the Facebook post entered into evidence in State's Exhibit 3, Parke threatened to blow up Jane Doe's car, murder Jane Doe, ignore the CPO and use his hands on Jane Doe, and come for Jane Doe. State's Exhibit 4 was a text message exchange between Jane Doe and Parke regarding their dispute over property at the former shared residence.

{¶24} Parke's conviction for Violating a Protection Order was not solely based on State's Exhibit 3 and 4. Jane Doe and Officer Eberts also testified at trial. Jane Doe testified after she received the Facebook post from her friend, she observed a blue truck, identical to Parke's, parked outside her residence and the driver of the truck yelled, "Hey you, fuck" and drove off.

{¶25} The trial court remarked the State's case was largely dependent on circumstantial evidence. If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for " 'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.' " *State v. Crist*,

5th Dist. Fairfield No. 15-CA-63, 2016-Ohio-7750, 2016 WL 6695996, ¶ 39 quoting *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492(1991) at paragraph one of the syllabus. " 'Circumstantial evidence and direct evidence inherently possess the same probative value [.]' " *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, " '[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.' " *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293 (1990), citing *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 331, 130 N.E.2d 820(1955). Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott*, 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt*, 164 Ohio St. at 331, 130 N.E.2d 820.

{¶26} In this case, we find the threatening language in the Facebook post that included details Parke would know, the blue truck parked outside of Jane Doe's residence, and the related Facebook exchanges between Parke and Jane Doe lead to the inference that Parke violated the terms of the domestic violence civil protection order by committing threats of abuse against the petitioner, Jane Doe. We find Parkes' conviction for violation of a protection order was not against the manifest weight or sufficiency of the evidence.

{¶27} Parke's sole Assignment of Error is overruled.

**CONCLUSION**

{¶28} The judgment of the Licking County Municipal Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.