DECISION
{¶ 1} Plaintiff-appellant, Anthony Hall, appeals a judgment of the Franklin County Court of Common Pleas which found in his favor and awarded $30,000 in damages in his negligence action against defendants-appellees, Kreider Manufacturing, Inc., Richard Kreider and Richard Boettner, III.
 {¶ 2} Appellant is a dentist in his mid-thirties. In June 1998, appellant was injured in an automobile accident caused by appellee, Richard Kreider. Although appellant suffered multiple injuries, the most longstanding of these was an injury to his wrist which later required surgery. Despite the surgery and subsequent physical therapy, appellant continued to experience pain in his wrist when performing extractions while practicing dentistry. Appellant maintains that his inability to perform extractions has resulted in, and will permanently result in, his inability to achieve his potential income, and that the $30,000 jury award does not fully compensate him for his future lost wages.
 {¶ 3} Appellant initiated his complaint in June 2000, and the matter was set for a jury trial before a magistrate of the trial court. During the trial, appellant presented testimony by an accountant who opined that appellant had suffered future lost earnings in the amount of approximately $2 million. Upon a directed verdict motion by appellee, the court instructed the jury not to consider any damages for future lost earnings on the basis that appellant had not first established the permanency of his injuries.
 {¶ 4} Appellant now assigns the following as error:
The trial court erred when it refused to submit the testimony of Hall's economic expert for future damages for consideration by the jury.
 {¶ 5} The admissibility of evidence lies within the sound discretion of the trial court. State v. Robb (2000), 88 Ohio St.3d 59,68. "Absent an abuse of discretion, as well as a showing that the opposing party has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence." Millstone Dev., Ltd. v. Berry, Franklin App. No. 01AP-907, 2002-Ohio-2241, at ¶ 64. An abuse of discretion "connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably." Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271.
 {¶ 6} In ruling on a motion for directed verdict, a trial court must construe the evidence most strongly in favor of the party against whom the motion is made. Civ.R. 50(A)(4); Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. The motion must be denied where substantial evidence upon which reasonable minds may differ supports the nonmoving party's side of the case. Posin v. A.B.C. Motor Court Hotel (1976),45 Ohio St.2d 271.
 {¶ 7} In order to show future loss of earnings in a personal injury case, the plaintiff's evidence must demonstrate with reasonable certainty that his injury or condition prevents him from attaining his pre-injury wage. Power v. Kirkpatrick (July 20, 2000), Franklin App. No. 99AP-1026. If the injury itself, independent of other factors, provides an evidentiary basis from which the jury can conclude with reasonable certainty that future damages will probably result, the injury is of an objective nature and no expert testimony regarding permanent impairment is necessary. Ratliff v. Colasurd (Apr. 27, 1999), Franklin App. No. 98AP-504. However, in a case such as this one, where the injured person alleges that he experiences pain which limits the use of his wrist during the performance of one of his employment duties, the injury is not of an objective nature but of a subjective nature and expert testimony is required to demonstrate that the injury is permanent and is certain to have an adverse effect on his future earning capacity. See id.; Power;Galayda v. Lake Hosp. Sys., Inc. (1994), 71 Ohio St.3d 421; Corwin v.St. Anthony Med. Ctr. (1992), 80 Ohio App.3d 836; Day v. Gulley (1963),175 Ohio St. 83, 86.
 {¶ 8} At trial, appellant presented testimony by Robert Rhoad, M.D., an orthopedic surgeon who treated appellant for his wrist injury. The transcript reveals the following interchange:
Q * * * In terms of Dr. Hall and his prognosis at this point, what is his prognosis?
A His prognosis overall is good, but as I have explained to him, I think it's possible for him to have some continued mild discomfort with certain positions with time.
Q Now, when you say it's possible, is that a medical certainty that he probably will or is that a possibility?
A I don't think it's a medical certainty, but I think in my mind it's a likelihood he will continue to have some degree of discomfort in that area of the wrist.
* * *
* * * [T]he positions that would be most likely to give discomfort in that area would be areas of forceful supination and ulnar deviation.
* * *
A My opinion would be based on, not as a dentist, but based on why my patient tells me is bothersome, and that has been when he does extractions and other difficult positions of his hands and wrist during his work.
* * *
Q * * * [I]f there's a diagnosis that he has continued problems, I guess with ulnar deviation and maximum supination, will that go away?
A I don't know the answer to that.
* * *
A My best medical answer to that would be based on some of the longer term studies that have been performed at other centers, and that would be that greater than 80 percent would have good or excellent results overall, which means that there are some people with that grouping that would continue to have some discomfort. That's the best way I could answer that.
* * *
Q * * * Do you have a medical opinion regarding Dr. Hall's recovery from this particular injury?
* * *
A Yes, I have a medical opinion as to his recovery. My opinion is that he is improved and he may continue to have some discomfort.
(Tr. Vol. II, at 33-34, 36, 38.)
 {¶ 9} The trial court's decision to withhold from the jury's consideration testimony by Candice DeClark, the accountant who had prepared evidence regarding appellant's lost future income, was based upon the court's determination that Rhoad's testimony did not firmly establish that appellant's inability to use his wrist during some employment-related tasks was certain to be of a permanent nature. Appellant now argues that his own testimony established the damage was permanent, and could be used as a foundation for DeClark's testimony. He alternately asserts that, because Rhoad testified that he could see the tear in the cartilaginous complex of appellant's wrist, the injury was objective in nature and, therefore, no expert testimony was needed to establish a foundation for introducing evidence regarding future lost earnings.
 {¶ 10} Appellant's arguments are not well-taken. First, appellant was not qualified to testify as his own expert on the question of the nature and permanency of his injury. Although no one knows better than appellant what tasks he can or cannot perform while practicing dentistry, appellant is not an expert on orthopedic surgery and cannot testify with reasonable certainty as to the permanency of his injury. Therefore, his statements regarding his inability to perform extractions cannot be used as a foundation for DeClark's testimony regarding future lost wages.
 {¶ 11} Appellant also asserts Rhoad's testimony established that his injury was objective, not subjective, because Rhoad stated he could see the tear in the structures of appellant's wrist. The fact that Rhoad saw a tear did not resolve the issue of whether, in time, the wrist might heal, and whether, even if appellant could return to most activities, the specialized activity of tooth extraction was going to be possible. It was not enough for Rhoad to say he saw a tear, he also needed to say appellant's limited use of his wrist was reasonably certain to be permanent. Rhoad did not say this, and, therefore, there was no foundation for future lost earnings testimony.
 {¶ 12} Based upon these considerations, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus and Watson, JJ., concur.