**ALDRIDGE, Admr., Appellant,**

v.

**GARDNER, Appellee.**

[Cite as *Aldridge v. Garner,* 159 Ohio App.3d 688, 2005-Ohio-829.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 04CA2945.

Decided Feb. 23, 2005.

Michael H. Mearan, for appellant.

Williams, Hall & Latherow, P.S.C., and David F. Latherow, for appellee.

KLINE, Judge.

{¶ 1} Sharon Aldridge appeals the decision of the Scioto County Court of Common Pleas granting summary judgment to J. Timothy Garner, M.D.[1] Aldridge contends that the trial court abused its discretion when it granted Garner's motion to exclude the testimony of her expert, Dr. Michael Kirwin. Because the trial court abused its discretion in concluding that Dr. Kirwin is not competent to testify under Evid.R. 601(D), we agree. Accordingly, we reverse

---

1. In their briefs to this court and the majority of the trial court pleadings, both parties spell the defendant's surname "Garner," and we adopt that spelling in the text of our opinion as well. However, in the interest of keeping the caption consistent across courts, we retain the spelling used in the complaint and the trial court's case caption, "Gardner," in the case caption here.

the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

## I

{¶ 2} The deceased, Earl E. Aldridge, sought medical treatment from Garner in May 1998, reporting significant weight loss, tiredness, and a chronic cough. Garner did not order a chest x-ray of Mr. Aldridge until August 1998, at which time he discovered that Mr. Aldridge had a malignant tumor in his lung. Mr. Aldridge died on April 24, 1999.

{¶ 3} Sharon Aldridge filed an action for medical malpractice against Garner, alleging that Garner deviated from the accepted standard of care in failing to diagnose the deceased with lung cancer. Aldridge identified Dr. Kirwin as her medical expert. Garner filed a motion in limine seeking to exclude Dr. Kirwin's testimony. Additionally, Garner filed a motion for summary judgment.

{¶ 4} Garner took Dr. Kirwin's deposition on January 5, 2004.[2] Dr. Kirwin testified that he ended a 20–year career of full-time clinical practice with Hilliard Family Health approximately three years before his deposition. Dr. Kirwin testified that he currently spends 80 percent of his time working for two insurance companies. His responsibilities with the insurance companies require him to review casework, talk to doctors about cases, and discuss those cases with medical insureds to determine whether the insurance companies will pay or deny claims for individual patients. However, he does not see patients or recommend courses of treatment for them in his work for the insurance companies. Dr. Kirwin devotes the remaining 20 percent of his professional time to his family practice and to teaching medical students at Ohio State University.

{¶ 5} Garner alleged in his motion in limine that Dr. Kirwin is incompetent to testify as a medical expert pursuant to Evid.R. 601(D). In particular, Garner alleged that Dr. Kirwin does not meet the requirement that an expert devote at least one-half of his or her professional time to the active clinical practice in his or her field of licensure or to its instruction in an accredited school.

{¶ 6} The trial court found that because Dr. Kirwin devotes only 20 percent of his professional time to active clinical practice or instruction, he is not competent to testify as to Garner's deviation from the standard of care. Therefore, the trial

---

2. Neither party actually filed Dr. Kirwin's deposition in the trial court. However, Garner attached lengthy excerpts of the deposition to his motion for summary judgment, neither party objected to the nonconforming evidence, and the trial court apparently considered the deposition, which it referred to in writing, when reaching its decision. Likewise, we consider the deposition excerpts contained in the record. See *Ohio City Orthopedics, Inc. v. Med. Billing & Receivables, Inc.*, Cuyahoga App. No. 81930, 2003-Ohio-1881, 2003 WL 1869873, at fn. 1.

court sustained Garner's motion to exclude Dr. Kirwin as an expert witness. Because Aldridge did not present any other admissible expert testimony that Garner did not meet the standard of care in treating Mr. Aldridge, the trial court ruled that Garner was entitled to judgment as a matter of law. Therefore, the trial court granted Garner's motion for summary judgment.

{¶ 7} Aldridge appeals, asserting the following assignments of error: "I. The trial court erred in granting defendant's motion in limine when plaintiff's expert witness was competent to testify as an expert witness. II. The trial court erred in granting summary judgment for the defendant when the summary judgment was granted based on the motion in limine."

## II

{¶ 8} In her first assignment of error, Aldridge asserts that the trial court abused its discretion when it ruled that Dr. Kirwin is not competent to testify as an expert. Garner contends that the trial court acted within its discretion in determining that Dr. Kirwin's failure to spend at least 50 percent of his time in active clinical practice renders him incompetent as an expert witness.

{¶ 9} A trial court has broad discretion in the admission or exclusion of evidence, and so long as the court exercises its discretion in line with the rules of procedure and evidence, we will not reverse its judgment absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056; *State v. Hymore* (1967), 9 Ohio St.2d 122, 38 O.O.2d 298, 224 N.E.2d 126. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, we may not substitute our judgment for the trial court's judgment. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 10} Evid.R. 601(D) governs whether a doctor is competent to testify at trial. The rule states: "Every person is competent to be a witness except: * * * (D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless the person testifying is licensed to practice medicine * * * and unless such person devotes at least one-half of his professional time to the active clinical practice in his field of licensure, or to its instruction in an accredited school." Accordingly, the proponent of a doctor's expert testimony first must show that the doctor is licensed to practice medicine in Ohio or any other state. Second, the proponent must show that the doctor devotes at least one-half of his

professional time to active clinical practice or instruction in an accredited university.

{¶ 11} Evid.R. 601(D) is a remedial rule and, like other remedial rules or statutes, " 'should be liberally construed and applied' " to effect its purpose. *Smith v. Sass, Friedman & Assoc., Inc.,* Cuyahoga App. No. 81953, 2004-Ohio-494, 2004 WL 229515, at ¶ 76 (Corrigan, J., dissenting), quoting *Wellston Iron Furnace Co. v. Rinehart* (1923), 108 Ohio St. 117, 140 N.E. 623, paragraph one of the syllabus; see, also, R.C. 1.11. Because Evid.R. 601(D) does not explicitly define "active clinical practice," the requirement is a subjective one. *Crosswhite v. Desai* (1989), 64 Ohio App.3d 170, 175, 580 N.E.2d 1119. The purpose of the "active clinical practice" rule is to "preclude testimony by the physician who earns his living or spends much of his time testifying against his fellows as a professional witness, and to prevent those whose lack of experiential background in the very field they seek to judge, the clinical practitioner, makes the validity of their opinions suspect, from expressing those opinions for pay or otherwise." *McCrory v. State* (1981), 67 Ohio St.2d 99, 103, 21 O.O.3d 63, 423 N.E.2d 156.

{¶ 12} While the term "active clinical practice" generally describes treating patients, "it also includes the physician-specialist whose work is so related or adjunctive to patient care as to be necessarily included in that definition." *McCrory,* 67 Ohio St.2d at 104, 21 O.O.3d 63, 423 N.E.2d 156. Thus, flexibility is permitted in determining whether a physician spends an adequate percentage of time engaged in active clinical practice. Id. In *McCrory,* the court found that a person who did medical research and supervised research done by a staff of doctors who evaluated and developed new drugs was competent to testify about the use of a drug he studied, because his testimony would not frustrate the purpose of Evid.R. 601(D). Id. at 104, 21 O.O.3d 63, 423 N.E.2d 156. In contrast, a physician who spends 80 percent of his professional time evaluating workers' compensation claims but does not personally examine, diagnose, or treat patients does not satisfy the second requirement of Evid.R. 601(D). See *Goldstein v. Kean* (1983), 10 Ohio App.3d 255, 10 OBR 368, 461 N.E.2d 1350. "[T]he important issue is how closely the purported expert's work is related to patient care." *Nicholson v. Landis* (Feb. 27, 1990), Athens App. No. 1404, 1990 WL 34276.

{¶ 13} The "active" component of the clinical-practice requirement also affords the court some flexibility. Although Evid.R. 601(D) and its statutory counterpart, R.C. 2743.43, use the present tense, "the standard is more directly concerned with the past. The essential inquiry made in the test is retrospective: has that witness acquired that special experience * * * or experiential background * * * in the field he seeks to judge? A literal and strict interpretation of the statute focusing only on the present ignores the historical nature of the inquiry

and the true purpose of the statute. It might even permit the testimony of a novice currently in practice yet exclude the testimony of an experienced clinical practitioner who is not. It would not serve the purposes of the statute or the ends of justice to exclude the assistance of the experienced specialist whose clinical practice spanned decades, because he is now retired. The true purpose of the statute is to ensure competency, and a strict application of the text in its literal sense fails to do that." *Crosswhite,* 64 Ohio App.3d at 178, 580 N.E.2d 1119.

{¶ 14} In *Crosswhite,* the plaintiff sought to introduce testimony of his second treating physician, who had since retired. The physician recited in his affidavit that, though he was retired, he had devoted 75 percent of his professional time to clinical practice for 33 years. His 33 years of active clinical practice included all times relevant to the lawsuit. Additionally, the physician had actually treated the plaintiff. The court determined that excluding the expert's testimony would thwart the purpose of Evid.R. 601(D).

{¶ 15} Here, Aldridge argues that Dr. Kirwin is competent to testify based upon two theories. First, Aldridge contends that Dr. Kirwin's current work for the insurance companies is so adjunctive to patient care that it must be considered active clinical practice for purposes of Evid.R. 601(D). However, Aldridge does not dispute that Dr. Kirwin does not personally examine, diagnose, or treat patients as part of the 80 percent of his professional time that he spends working for insurance companies. Based on *McCrory* and *Goldstein,* we cannot say that Dr. Kirwin's work is so adjunctive to patient care as to render his current practice within the realm of "active clinical practice" as intended by the rule.

{¶ 16} Second, Aldridge contends that Dr. Kirwin's 20–plus years of full-time clinical practice render him competent to testify. Dr. Kirwin engaged in full-time clinical practice, wherein he spent 95 percent of his time seeing and treating patients as a family practitioner, until approximately three years prior to his January 2004 deposition. The malpractice that Aldridge alleges occurred in 1998. Thus, Dr. Kirwin was engaged full-time in active clinical practice during the time of Garner's alleged malpractice.

{¶ 17} Additionally, Dr. Kirwin testified that Aldridge's case is the first and only case in which he has agreed to testify as an expert witness. Thus, Dr. Kirwin is not a professional witness who earns his living by testifying, like the sort that Evid.R. 601(D) is designed to exclude.

{¶ 18} Based upon Dr. Kirwin's length of practice and the fact that Dr. Kirwin was engaged in active clinical practice at all times relevant to the lawsuit against Garner, we find that Dr. Kirwin's experience satisfies the purpose intended by

the active-clinical-practice rule. Thus we find that, in this instance, the trial court's strict interpretation of the present-tense requirement contained in the rule is unreasonable.

{¶ 19} In its decision, the trial court made much of the fact that Dr. Kirwin testified that he had diagnosed only one case of lung cancer during his medical career. However, we find that this fact speaks to the weight that the trier of fact assigns to Dr. Kirwin's testimony, not his competency. Evid.R. 601 does not carry any requirement relating to the number of similar cases a physician expert has seen. Dr. Kirwin, like Garner, is a family practitioner. Thus, Dr. Kirwin's experience qualifies him to testify as to the standard of care expected of a reasonable family practitioner.

{¶ 20} Because we hold that Dr. Kirwin's experiential background renders him competent to testify in accordance with the purpose intended under Evid.R. 601(D)'s active-clinical-practice requirement, we hold that the trial court abused its discretion in excluding his testimony. Therefore, we sustain Aldridge's first assignment of error. Our resolution of Aldridge's first assignment of error renders her second assignment of error moot.

{¶ 21} Accordingly, we sustain Aldridge's first assignment of error, reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PETER B. ABELE, P.J., and GREY, J., concur.

LAWRENCE ANTHONY GREY, J., retired, of the Fourth District Court of Appeals, sitting by assignment of the Supreme Court of Ohio in the Fourth District Court of Appeals.