OPINION
{¶ 1} This is an appeal from a jury determination of guilt as to the charge of domestic violence.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The parties to this appeal were jointly purchasing a building in which a boutique was being operated.
{¶ 3} Appellant's counsel raised the issue of tax returns and the court admitted unsigned copies indicating that the boutique was solely owned by Appellee.
{¶ 4} Appellant worked in such business and had authority to sign business checks. He argues that his impression was to the effect that the business was jointly owned.
{¶ 5} On December 23, 2003, an incident occurred which is the subject of conflicting testimony. Appellant claims that his wife was damaging store property and the physical force he exerted on her was to protect such property.
{¶ 6} Three Assignments of Error are raised:
 ASSIGNMENT OF ERROR
{¶ 7} "I. The trial court erred by refusing to instruct the jury regarding defense of property.
{¶ 8} "II. The court's omission of a jury instruction regarding the lesser-included offense of disorderly conduct constitutes plain error.
{¶ 9} "III. Defendant-Appellant was denied effective assistance of counsel because his counsel failed to request an instruction for minor misdemeanor disorderly conduct."
 I.
{¶ 10} The First Assignment of Error concerns the court's lack of instruction relative to defense of property, which Appellant asserts as error. We disagree.
{¶ 11} While the defense of property has been recognized if excessive force is not utilized (Allison v. Fiscus (1951), 156 Ohio St. 120), such defense is inappropriate in this instance.
{¶ 12} Appellant was charged with domestic violence.
{¶ 13} R.C. 2919.25 in part provides:
{¶ 14} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
{¶ 15} "(D)(1) Whoever violates this section is guilty of domestic violence."
{¶ 16} The legislative purpose in enacting such statute was to protect family or household members.
{¶ 17} The intent of the statute could be abrogated entirely by utilization of the defense of property unless clearly warranted as it is obvious that such would be claimed in virtually every case with the burden of establishing lack of ownership by the State often unlikely or impossible. Also, in this case, Appellant is claiming a belief in joint ownership which, in effect, would give equal property rights to Mrs. Varney.
{¶ 18} We therefore conclude that defense of property is not applicable to the charge of domestic violence under the facts presented to the jury in this case.
{¶ 19} While not raised as an assignment of error, but as an issue, the admission of the unsigned tax returns into evidence would not be error.
{¶ 20} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion. See:Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66; Rigby v. Lake Cty.
(1991), 58 Ohio St.3d 269, 271. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 21} These records were not government records but personal records which it was acknowledged were copies of their joint return (Tr. 192). The fact that their signatures were absent is inconsequential.
{¶ 22} The First Assignment of Error is rejected.
 II.
{¶ 23} The Second Assignment of Error concerns the assertion that disorderly conduct is a lesser included offense to domestic violence and that plain error occurred in the absence of an instruction.
{¶ 24} In State v. Cooperrider (1983), 4 Ohio St.3d 226, the Ohio Supreme Court discussed the application of the plain error doctrine in the context of an allegedly erroneous jury instruction. The Court stated:
{¶ 25} ". . . an erroneous jury instruction "does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long
(1978), 53 Ohio St.2d 91, 97. Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice.Id. at 227.
{¶ 26} This issue was addressed by this court in State v. Mack Avery
(2004), 5th Dist. App. No. 2004CA10, in reliance on State v. Hunt
(1996), 5th Dist. App. No. 95CA0226, in stating:
{¶ 27} "In State v. Hunt (March 18, 1996), 5th Dist. No. 95CA0226, this court noted: "disorderly conduct may be a lesser included offense of domestic violence, because one cannot engage in domestic violence without also engaging in disorderly conduct, but domestic violence requires an additional element be proved, namely, that the victim was a family or household member. Thus, the jury could find appellant not guilty of domestic violence but guilty of disorderly conduct if it found the State had not proven the complaining witness was a family or household member, but had proven the other elements."
{¶ 28} "* * *
{¶ 29} "Hence, appellant was entitled to a disorderly conduct instruction only if the jury, viewing the evidence in the light most favorable to the defense, could have had a reasonable doubt as to whether the complaining witness was a family or household member, but had proven the other elements."
{¶ 30} Here there was no doubt as to Paula Varney being the wife of Appellant. Therefore, a charge on disorderly conduct was inappropriate.
{¶ 31} Appellant's Second Assignment of Error is overruled.
 III.
{¶ 32} The Third Assignment concerns ineffective counsel.
{¶ 33} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
{¶ 34} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
{¶ 35} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
{¶ 36} In this case as noted heretofore, an instruction on disorderly conduct would have been incorrect. Therefore, counsel was not ineffective.
{¶ 37} The Third Assignment of Error is overruled.
{¶ 38} This cause is affirmed at Appellant's costs.
Boggins, P.J., Farmer, J., concur.
Edwards, J. dissents.