[Cite as *State v. Hatfield*, 2022-Ohio-2390.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2021-0031 |
| AUSTIN HATFIELD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  CR2021-0009


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 11, 2022


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

RONALD L. WELCH                     JAMES S. SWEENEY
PROSECUTING ATTORNEY                JAMES SWEENEY LAW, LLC
TAYLOR P. BENNINGTON                285 South LIberty Street
ASSISTANT PROSECUTOR                Powell, Ohio 43065
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

**{¶1}** Appellant Austin Hatfield appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 14, 2021, Appellant was indicted on one count of Failure to Comply with Order or Signal of Police Officer in violation of R.C. §2921.331(B) and one count of Resisting Arrest in violation of R.C. §2921.33(A).

**{¶3}** On January 22, 2021 Appellant entered a plea of not guilty.

**{¶4}** On April 1, 2021, the matter proceeded to trial.

**{¶5}** At trial, Patrolman Baron testified he was working on January 5, 2021, when he ran the license plate on a red Pontiac. The license plate had expired in 2018 and did not belong to the Pontiac. Baron then checked the VIN number on the Pontiac and confirmed it was not stolen.

**{¶6}** The Pontiac was parked in front of a residence Baron was familiar with, as he had been there numerous times for drug-related activity and serving warrants. While watching the Pontiac, Baron saw Appellant, along with Mr. Elson, walk up to the vehicle. Appellant entered the driver's seat and pulled away.

**{¶7}** Baron followed the vehicle and initiated a traffic stop. Appellant did not pull the vehicle over, but accelerated away from Baron. Baron initiated the siren as Appellant continued to flee, reaching seventy miles per hour and running red lights at busy intersections while it was raining. Appellant eventually crashed into a guardrail.

{¶8} Upon crashing, Mr. Elson threw a zipper-pouch across the roof of the vehicle. Appellant exited through the passenger door, began to raise his hands and acted like he was going to lay down. Before Baron could take Appellant into custody, Appellant attempted to flee on foot. Baron deployed his taser. His taser partially connected with Appellant, causing Appellant to fall.

{¶9} Baron then attempted to handcuff Appellant. Appellant continued to resist both verbal instructions and being tased. Baron had to threaten to tase Appellant again before he stopped struggling.

{¶10} When more officers arrived, they were able to handcuff Appellant, perform a search incident to arrest, and place him in the back of the patrol car. Mr. Elson was also taken into custody.

{¶11} Appellee then played security camera footage from a nearby residence showing Appellant resisting arrest. Baron testified the video played was an accurate representation of what happened on January 5, 2021.

{¶12} Appellant then testified he was paying Elson for temporary housing at his house. Appellant had a staph infection on his head and wanted to clean up. Appellant left Elson's house to get food and testified Elson came with him. He said Elson brought the pouch with him that day, but that Appellant did not know what was inside the pouch.

{¶13} Appellant testified that Elson assaulted him when Baron attempted to pull him over, and told Appellant to keep driving. Appellant said Elson pushed his knee down to get the car moving faster. Appellant claimed he attempted to pull the emergency brake, but Elson would not allow it. Appellant claimed he attempted to flee and continued to

struggle because he was disoriented from the assault, and was attempting to flee from Elson.

{¶14} On cross-examination Appellant testified he has prior convictions for theft, burglary, breaking and entering, and possession of crack cocaine from 2012, breaking and entering and theft from 2015, breaking and entering and possession of criminal tools in 2016, receipt of stolen property, seven counts of forgery, possession of methamphetamine, possession of heroin, and possession of cocaine in 2018, and escape failure to comply and felonious assault in 2019. Appellant is also on post-release control.

{¶15} Finally, Patrolman Lanning testified he transported Appellant to jail. He noted Appellant was lethargic and had a bad infection on the back of his head.

{¶16} The jury found Appellant guilty on both counts.

{¶17} On April 5, 2021, the trial court sentenced Appellant to thirty-six months in prison. The court further found Appellant was on post-release control, terminated the post-release control, and imposed any time remaining.

## ASSIGNMENTS OF ERROR

{¶18} Appellant filed a timely notice of appeal. He herein raises the following four Assignments of Error:

{¶19} "I. THE TRIAL COURT PLAINLY ERRED BY NOT INSTRUCTING THE JURY THAT IT COULD NOT CONSIDER HATFIELD'S PRIOR CONVICTIONS AS EVIDENCE THAT HE ACTED IN CONFORMITY WITH SOMEONE WHO COMMITS BAD ACTS.

{¶20} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING INTO EVIDENCE AN UNAUTHENTICATED EXHIBIT, IN VIOLATION OF HATFIELD'S

RIGHTS TO A FAIR TRIAL AND DUE PROCESS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 1, 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶21}** "III. AUSTIN HATFIELD'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶22}** "IV. AUSTIN HATFIELD'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

**I.**

**{¶23}** In Appellant's first Assignment of Error, Appellant argues the trial court committed plain error by failing to instruct the jury it could not consider Appellant's prior convictions as substantive evidence. We disagree.

**{¶24}** Initially, we note that defense counsel did not request a limiting jury instruction. We therefore review only for plain error. *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Crim.R.52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In *State v. Barnes*, 94 Ohio St.3d 21, 27,759 N.E.2d 1240 (2002), the Supreme Court of Ohio instructed:

Under Crim.R. 52(B), the defendant bears the burden of demonstrating that a plain error affected his substantial rights. But even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to "prevent a manifest miscarriage of justice." *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶14.

**{¶25}** Appellant argues that the trial court should have given a limiting instruction to the jury that Appellant's prior convictions should not be consider as evidence that he acted in conformity with his prior bad acts in the case *sub judice*.

**{¶26}** Evid.R. 105 states, "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly."

**{¶27}** In *State v. Schaim*, 65 Ohio St.3d 51, 61, 600 N.E.2d 661 (1992) the Supreme Court of Ohio explained:

The defendant * * * claims that it was plain error for the trial court to fail to give a limiting instruction on the use of other acts evidence, even though it was not requested by the attorney. We decline to adopt this position, as the decision not to request a limiting instruction is sometimes a tactical one, and we do not wish to impose a duty on the trial courts to read this instruction when it is not requested.

**{¶28}** Appellant's trial counsel's decision not to request further jury instruction and thus bringing more attention to his convictions can be viewed as a reasonable trial

strategy. As Appellant's trial counsel did not request a limiting instruction, the trial court was not required to give the jury a limiting instruction concerning Appellant's prior convictions.

**{¶29}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶30}** In Appellant's Second Assignment of Error, Appellant argues the trial court abused its discretion by admitting into evidence an unauthenticated exhibit. We disagree.

**{¶31}** "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake City*, 58 Ohio St.3d 269, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶32}** Appellant argues the trial court abused its discretion when it admitted video evidence during Baron's testimony from a police cruiser other than the one Baron was using.

**{¶33}** Evid.R. 901(A) states, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." "This threshold requirement for authentication of evidence is low and does not require conclusive proof of authenticity." *State v. Pyles*, 4th Dist. Scioto No. 17CA3790, 2018-Ohio-4034, ¶48. The proponent of the evidence need show only a reasonable likelihood of authenticity. *Id.*

"Circumstantial, as well as direct, evidence may be used to show authenticity." *State v. Vermillion*, 4th Dist. Athens No. 15CA17, 2016-Ohio-1295, ¶14.

**{¶34}** This Court held, "[p]hotographic evidence, including videotapes, can be admitted under a "pictorial testimony" theory or a "silent witness" theory." *State v. Wilson*, 5th Dist. Stark No. 2016CA00071, 2016-Ohio-5895, ¶66; citing *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 129-130 (1991). Testimony from an individual with personal knowledge of the surveillance system's recording process is not required. *Vermillion* at ¶¶17, 20.

**{¶35}** In *State v. Farrah*, 10th Dist. Franklin No. 01AP-968, 2002-Ohio-1918, the Tenth District Court of Appeals found the trial court did not err in admitting surveillance video that depicted a store robbery authenticated by an officer who had been to the store on prior occasions. The officer testified that the surveillance video accurately portrayed how the store looked at the time of the robbery.

**{¶36}** In the case *sub judice*, Patrolman Baron, testified that video evidence presented by the State accurately depicted the event as it took place. Patrolman Baron testified he was present during the event, and that the video evidence is a true and accurate depiction of the event. Therefore, the trial court did not abuse its discretion by admitting the video evidence from a police cruiser other than one Patrolman Baron was using. Rather, the trial court reasonably could have concluded that the state satisfied the low threshold necessary to demonstrate authenticity.

**{¶37}** Appellant's Second Assignment of Error is overruled.

**III., IV.**

**{¶38}** In Appellant's Third and Fourth Assignments of Error, Appellant argues his conviction is against the manifest weight of the evidence and not supported by sufficient evidence. We disagree.

**{¶39}** Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380. Essentially, sufficiency is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

**{¶40}** In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387.

**{¶41}** R.C. §2921.331(B) states, "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

**{¶42}** R.C. §2921.33(A) states, "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."

**{¶43}** At trial, Patrolman Baron identified Appellant as the driver of the vehicle and described in detail the chase, the accident, Appellant attempting to flee on foot, and then resisting arrest by struggling with Patrolman Baron.

**{¶44}** Baron's testimony is corroborated by video evidence showing that after the crash, Appellant exited the vehicle, acted like he was going to lay on the ground, then got up and tried to run. We find the State presented sufficient evidence, if believed by a jury, that Appellant willfully operated a motor vehicle so as to flee a police officer after receiving a visible or audible signal to stop, and that he forcefully resisted or interfered with his lawful arrest. Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

**{¶45}** Appellant's Third and Fourth Assignments of Error are overruled.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br 0707