[Cite as *State v. Seals*, 2023-Ohio-1261.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2022-0045 |
| DANIEL SEALS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. CR2021-0213

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 17, 2023

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RONALD L. WELCH      CHRIS BRIGDON
PROSECUTING ATTORNEY      8138 Somerset Road
JOHN CONNOR DEVER      Thornville, Ohio 43076
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

*Wise, J.*

{¶1} Appellant Daniel Seals appeals his conviction and sentence after a jury trial in the Muskingum County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 22, 2021, Appellant was indicted on fifteen counts of Gross Sexual Imposition in violation of R.C. §2907.05(A)(4).

{¶3} On May 17, 2022, Appellant began a jury trial in the Muskingum County Court of Common Pleas.

{¶4} During voir dire, Juror 25 indicated he may not be impartial and was brought into chambers to discuss.

{¶5} During the trial court's examination of Juror 25, he noted that nothing had happened to him or his family, but generally he could not stand sexual predators. Juror 25 agreed the defendant was presumed to be innocent, and Appellee had to prove guilt beyond a reasonable doubt. Juror 25 stated he could decide the case on the evidence presented at trial, and did not have a problem that the burden of proof is on Appellee. However, during the trial court's questions, Juror 25 stated his daughter had been involved in sex trafficking and the juror was worried about what the traffickers did to her would prevent him to be impartial.

{¶6} Appellant's trial counsel made a challenge for cause, which was overruled by the court. However, after passing on their third preemptory challenge, Appellee used its fourth preemptory challenge to dismiss Juror 25. Juror 25 was not a member of the jury.

{¶7}      At trial, L.R. testified his mother and Appellant's brother started dating and he moved to Muskingum County when he was eleven years old. Upon moving in, L.R. lived with his mother, Appellant, Appellant's brother, and Appellant's two nieces off and on. L.R.'s sister moved in later.

{¶8}      After the first few months, Appellant offered to rub L.R.'s back in L.R.'s bedroom at night in 2015. The back rubs continued for about a year. Then when L.R. fell asleep during a backrub, Appellant reached in a scooping motion and touched L.R. between his testicles and anus. Appellant would touch him this was for ten to fifteen minutes. This happened several times throughout the summer of 2015.

{¶9}      Nothing happened in October of 2015, but Appellant resumed the touching in November of 2015 and continued through the spring of 2016 a total of at least fifteen times. L.R. stated he would pretend to be asleep every time it happened. L.R. took five years to tell his mother about the abuse. L.R. indicated he could smell alcohol on Appellant's breath on the nights he was abused.

{¶10}      Next, Celeste Prince testified that she was previously employed at Nationwide Children's Hospital. She conducted a forensic interview of L.R. As part of her duties at work, Ms. Prince indicated she would summarize the contents of the interview as part of a patient's medical records. Appellee then played a recording of the forensic interview of L.R. The content of L.R.'s testimony was consistent with the information he disclosed in the forensic interview.

{¶11}      Next, S.W. testified that she is the mother of L.R. She testified that Appellant was the only male influence in L.R.'s life other than Appellant's brother, who was only around L.R. on weekends. S.W. testified Appellant would drink whiskey frequently. She

found Appellant in L.R.'s room on several occasions. On more than one occasion she found Appellant asleep on L.R.'s floor next to the bed. Appellant told S.W. he was giving L.R. a backrub to calm him down from a nightmare.

{¶12} Appellee then rested.

{¶13} Appellant's first witness was his niece, Jo.S. She testified that she never found Appellant in L.R.'s room. She said that his drinking did not have a negative effect on him, but relaxed him. She recalled L.R. liking Danny, having a fairly close relationship, and would even go places with him.

{¶14} Next, Appellant testified the first time he heard about the accusations was when he received a note to call Detective Castul. Appellant said that during his interview with Detective Castul, he admitted to knowing L.R. but never inappropriately touching him. He said he never paid L.R. special attention, and only rubbed L.R.'s back when L.R. complained of back pain after playing sports.

{¶15} The jury found Appellant guilty on Count 1, but not guilty on Counts two through fifteen.

{¶16} On June 29, 2022, the matter proceeded to a sentencing hearing. At the hearing, the trial court sentenced Appellant to fifty-four months in prison and gave Appellant credit for 156 days in prison.

**ASSIGNMENTS OF ERROR**

{¶17} Appellant filed a timely notice of appeal and herein raises the following three Assignments of Error:

{¶18} "I. A JUROR WITH CLEAR PRECONCEIVED PREJUDICE WAS SEATED DURING THE VOIR DIRE PROCESS THEREBY TAINTING THE JURY.

**{¶19}** "II. THE TRIAL COURT ERRED WHEN ADMITTING THE STATE'S EXHIBIT 1A AND 2, WHICH WERE NOT STATEMENTS MADE FOR THE PURPOSE OF MEDICAL DIAGNOSIS OR TREATMENT.

**{¶20}** "III. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH [sic] O.R.C. §2929.11 AND FACTORS TO BE CONSIDERED IN O.R.C. §2929.12."

**I.**

**{¶21}** In Appellant's first Assignment of Error, Appellant argues by seating juror 25, the trial court violated Appellant's right to a fair and impartial jury. We disagree.

**{¶22}** "Pursuant to the Sixth and Fourteenth Amendments, a criminal defendant is guaranteed the right to an impartial and unbiased jury." *Miller v. Webb*, 385 F.3d 666, 672 (6th Cir.2004); *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶49. The trial court and counsel have broad discretion in a juror's ability to be impartial. *State v. White*, 82 Ohio St.3d 16, 20, 693 N.E.2d 772 (1998). However, "when a juror who has exhibited actual bias against a defendant is seated on the jury, the defendant's Sixth Amendment right to an impartial jury has been violated. *Froman* at ¶49.

**{¶23}** "Resolution of the impartiality issue rests in large part on the trial court's assessment of the juror's credibility and demeanor, and the context in which the issue arises." *State v. Lloyd*, 8th Dist. Cuyahoga No. 109128, 2021-Ohio-1808, ¶17, citing *Skilling v. U.S.*, 561 U.S. 358, 386, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010). The abuse of discretion standard is more than an error of judgment; it implies the court ruled

arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶24}** "Actual bias is 'bias in fact' –the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *United State v. Torres*, 128 F.3d 38,43 (2d Cir.1997); *see also United States v. Wood*, 299 U.S. 123, 133, 57 S.Ct. 177, 81 L.Ed. 78 (1936). Appellant may show actual bias by either the juror's express admission or circumstantial evidence of the juror's biased attitude. *Hughes v. United States*, 258 F.3d 453, 459 (6th Cir.2001). Courts have found actual bias when a juror "unequivocally stated she could not be fair due to her law-enforcement bias." *Id.* at 459-460. Courts have also found actual bias when a juror had a fixed opinion of a defendant's guilt based on pretrial publicity. *Irwin v. Dowd*, 366 U.S. 717, 727-728, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

**{¶25}** R.C. §2945.25, in pertinent part, states:

(B) That the person is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from examination of the juror or from other evidence, that the juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial[.]

**{¶26}** In the case *sub judice*, Appellant argues that Juror 25 said on several occasions he cannot be impartial because he expressed that he finds pedophiles

disgusting, that he may have a previously formed opinion of the defendant because "I can't prove he's guilty yet," and that he did not like the idea of hearing about the case because it involved abuse of a child. What Appellant failed to argue in his brief is that Juror 25's daughter was the victim of sex trafficking. However, after an examination by the trial court, the juror indicated that if he is chosen he could be fair, listen to the evidence, be impartial in his judgment, but would prefer not to be chosen. He indicated he understood Appellant is entitled to a presumption of innocence and the burden to prove guilt beyond a reasonable doubt is on the prosecution. It is clear from the trial court's examination of Juror 25, that it was satisfied the juror would render an impartial verdict according to law. Therefore, pursuant to R.C. §2945.25, the trial court did not abuse its discretion when, after examination of Juror 25, it denied Appellant's challenge for cause.

**{¶27}** Even assuming *arguendo* that Juror 25 did have actual bias, the State used a preemptory challenge to dismiss Juror 25. He neither heard evidence nor rendered an opinion in this matter. Therefore, Appellant is unable to show he was prejudiced by the alleged bias of a prospective juror who was dismissed by Appellee during voir dire.

**{¶28}** Appellant's first Assignment of Error is overruled.

**II.**

**{¶29}** In Appellant's second Assignment of Error, Appellant argues the trial court erred in admitting Exhibits 1A and 2. We disagree.

**{¶30}** "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County* 58 Ohio St.3d

269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶31}** Evid.R. 803, in pertinent part states:

**(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

**{¶32}** To determine "whether statements made to a forensic interviewer at a child advocacy center are made for the purpose of medical diagnosis and treatment, as opposed to forensic investigative purposes, the court must 'identify the primary purpose of the statements.' " *State v. Remy*, 2d Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶82, quoting *State v. Arnold,* 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, ¶28. "Whether the purpose of a child's statements is for medical diagnosis or treatment will depend on the facts of the particular case." *State v. Jones*, 2d Dist. Montgomery No. 26289, 2015-Ohio-4116, 43 N.E.3d 833, ¶73.

**{¶33}** In the case at bar, Appellant does not point to specific statements when arguing the inadmissibility of the evidence. Instead, he makes a holistic argument that the entire interview was for forensic investigative purposes, and therefore we will

analyze, not whether these statements were made for the purpose of medical diagnosis or treatment, but if the statements erroneously admitted were harmless.

**{¶34}** In the case *sub judice*, Appellee played the full recording of L.R.'s forensic interview over Appellant's objection. Appellant claims some, if not all, of the statements are inadmissible hearsay not covered by the medical diagnosis or treatment exception. However, this Court has previously held that when the "declarant testifies and is examined on the same matters as contained in impermissible hearsay statements, and where admission is essentially cumulative, such admission is harmless." *State v. Burge*, 5th Dist. Stark No. 2016CA00217, 2017-Ohio-7862, ¶30. L.R. testified about the same sexual acts contained in the forensic interview recording, at least fifteen in total. Thus, the admission of L.R.'s recorded statements was harmless.

**{¶35}** Appellant's second Assignment of Error is overruled.

### III.

**{¶36}** In Appellant's third Assignment of Error, Appellant argues the proportionality of the sentence was inconsistent with the principles set forth in R.C. §2929.11 and factors to be considered in R.C. §2929.12.

**{¶37}** This Court reviews felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. Subsection (G)(2) sets forth this Court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this
> section shall review the record, including the findings underlying the sentence
> or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)     That record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929 of the Revised Code, whichever, if any, is relevant;

(b)     That the sentence is contrary to law.

**{¶38}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶39}** "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶36.

**{¶40}**    In the case *sub judice*, Appellant does not argue that the sentence was outside the permissible statutory range, but that the trial court failed to consider and weigh the principles set forth in R.C. §2929.11 and factors listed in R.C. §2929.12 appropriately. However, upon review of the record, the trial court noted it considered the facts and circumstances of the case and, when given multiple opportunities to show remorse by the court in the sentencing hearing, Appellant demonstrated a complete lack of remorse for his crime. The trial court then sentenced Appellant to fifty-four months in prison. Therefore, we find the sentence is not clearly and convincingly contrary to law. The sentence is within the statutory range, and the trial court considered the principles set forth in R.C. §2929.11 and factors listed in R.C. §2929.12.

**{¶41}**    Appellant's third Assignment of Error is overruled.

**{¶42}**    For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

King, J., concur.

JWW/br 0413